Matt DAVIS, Eddie Fuchs, Freed Hicks, Jerome Martin, Thomas MacDonald, Rudy Perez, Leo Persails, Tim Romine, James Walters, and James Wheeler, Plaintiffs,

v.

AMERICAN POSTAL WORKERS UNION, AFL–CIO, a labor organization, Defendant.

No. 84–558–Civ–ALH.

United States District Court, S.D. Florida, Miami Division.

March 12, 1984.

Howard Susskind, Richard P. Siwica, Kaplan, Sicking, Hessen, Sugarman, Rosenthal, Susskind, Bloom & DeCastro, P.A., Miami, Fla., for plaintiffs.

Darryl Anderson, O'Donnell & Schwartz, Washington, D.C., Evan Langbein, Miami, Fla., for defendant.

## ORDER DENYING MOTION TO REMAND

HASTINGS, District Judge.

On March 1, 1984, Defendant AMERICAN POSTAL WORKERS UNION, AFL–CIO, filed with the United States District Court for the Southern District of Florida a Petition for Removal of the above-entitled cause from the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida. In their Complaint, Plaintiffs, as employees, members, and business agents of the Defendant, contend that the Union Constitution prohibits the UNION, acting through its National Executive Board, from determining where Plaintiffs may locate their offices. In its Petition for Removal, Defendant seeks to establish federal question jurisdiction under Title 29, United States Code, Section 185, The Labor Management Relations Act, and Title 39, United States Code, Section 1208.

Plaintiffs have now filed a Motion to Remand, and, citing *Alexander v. International Union of Operating Engineers, AFL–CIO*, 624 F.2d 1235 (5th Cir.1980), claim that this controversy is a purely intraunion dispute with no bearing or significant impact on labor-management relations or industrial peace. Defendant, in addition to opposing the Motion to Remand, has filed a Motion to Amend Petition for Removal to include additional facts which allegedly demonstrate that this controversy will have a significant impact on labor relations or industrial peace.

Under *Alexander*, the law in this circuit had been that federal jurisdiction

would be conferred where an individual employee sued his union for a breach of the union constitution under 29 U.S.C. § 185(a), but only if the alleged violation created a threat to industrial peace or had a significant impact upon external labor-employer relationships. *Alexander* at 1238. A more recent Supreme Court decision, however, would seem to require a change in this approach to federal jurisdiction under 29 U.S.C. § 185(a). In *United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL–CIO v. Local 334, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada,* 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), the Supreme Court held that a local union could sue its parent international union under Section 185(a) of the Labor Management Relations Act for an alleged breach of the union constitution without any necessity of showing that such a breach would have a significant impact on labor-management relations or on industrial peace. The Court states that:

> Nothing in the language and legislative history of (§ 185(a)) suggests any special qualification or limitation on its reach, and we decline to impose one ourselves. (Footnote omitted.)

*Plumbers and Pipefitters,* 452 U.S. at 624–25, 101 S.Ct. at 2551–52. In a footnote, the Court expressly declined to decide whether or not individual union members could maintain an action on a union constitution against a labor organization. 452 U.S. at 627 n. 16, 101 S.Ct. at 2553 n. 16. It cannot, however, be open to dispute that the Supreme Court abandoned the significant impact limitation on federal jurisdiction under the Labor-Management Relations Act. Furthermore, the Eleventh Circuit has recently followed the Supreme Court's holding that union constitutions are "contracts" within the meaning of 29 U.S.C. § 185(a). *Local 472 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada*

*v. Georgia Power Company,* 684 F.2d 721 (11th Cir.1982). Therefore, under the analysis of *Alexander* as refined and modified by the Supreme Court in *Plumbers and Pipefitters* and as adopted by the Eleventh Circuit in *Georgia Power,* this Court holds that federal jurisdiction is conferred where an individual employee or member sues his or her union for a breach of the union constitution without regard to the impact such breach will or will not have on labor-management relations or industrial peace. See, *Kinney v. The International Brotherhood of Electrical Workers,* 669 F.2d 1222 (9th Cir.1981); *Doby v. Safeway Stores, Inc.,* 523 F.Supp. 1162 (E.D.Va. 1981).

IT IS, THEREFORE

ORDERED AND ADJUDGED, as follows:

1. Plaintiffs' Motion to Remand is DENIED.

2. Defendant's Motion to Amend Petition for Removal is GRANTED.

3. A hearing on the appropriate venue of this cause and on injunctive relief is hereby scheduled for 2:30 p.m. on Thursday, March 15, 1984 in Courtroom V of the Federal Courthouse in Miami, Florida.