DIXIE ELECTRIC COOPERATIVE, et al., Plaintiffs-Appellants,

Alabama Power Company,
Defendant-Counterclaim
Plaintiff, Appellant,

v.

The CITIZENS OF the STATE OF ALA-BAMA, et al., Defendants-Counterclaim Plaintiffs, Appellees.

Nos. 84–7765, 85–7368.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1986.

Rehearing and Rehearing En Banc
Denied June 9, 1986.

Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, J. Theodore Jackson, Montgomery, Ala., for Dixie Elec.

T.W. Thagard, Montgomery, Ala., for Alabama Power Co., in No. 84–7765.

Craig S. Dillard, Talladega, Ala., for Coosa Valley Elec. Co-op.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Assoc. Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Robert C. Glinski, T.V.A. Knoxville, Tenn., for T.V.A. in No. 84–7765.

Algert S. Agricola, Asst. Atty. Gen., Montgomery, Ala., for Citizens.

Robert D. Segall, Copeland, Franco, Screws & Gill, Montgomery, Ala., for Cities.

George C. Douglas, Jr., Andalusia, Ala., for AL Elec. Co-op., Inc.

Roger L. Bates, Barnett, Tingle, Noble & Sexton, Birmingham, Ala., for City of Tarrant City.

Robert D. Thorington, W. Stanley Gregory & Wendell Cauley, Montgomery, Ala., for other original defendants counterclaimed against T.V.A. in No. 84–7765.

W. Sidney Fuller, Andalusia, Ala., for Andalusia, Ala.

Jerry Batts, Sherrill & Batts, Athens, Ala., for Athens, Ala.

Arnold Teks, City of Florence, Florence, Ala., for Florence, Ala.

Fred D. Gray, Gray, Langford, Sapp, Davis & McGowan, Tuskegee, Ala., for Utilities Bd. of the City of Tuskegee.

Drayton N. Hamilton, Montgomery, Ala., for League of Municipalities.

Balch & Bingham, Charles M. Crook, Birmingham, Ala., for Alabama Power Co., in No. 85–7368.

Robert D. Thorington, Robert D. Segall, Wendell Cauley, Montgomery, Ala., for Municipal Utilities Bd. of Albertville, et al. and Cities in No. 85–7368.

Herbert S. Sanger, Jr., Gen. Counsel, T.V.A., Justin M. Schwamm, Sr., Asst. Gen. Co., Knoxville, Tenn., for T.V.A. in No. 85–7368.

Before TJOFLAT and KRAVITCH, Circuit Judges, and DUMBAULD *, Senior District Judge.

TJOFLAT, Circuit Judge:

These consolidated appeals are from orders of the district court declaring invalid and enjoining the enforcement of a 1984 and a 1985 act of the Alabama legislature, both of which regulated service territories of electric suppliers. We have concluded that the case was improperly removed to the district court. Because the district court would not have had jurisdiction over the case had it originally been filed there, we vacate the district court's orders and remand the case with instructions that it be dismissed.

### I.

In 1984, a regular session of the Alabama legislature enacted Act No. 84–206 [1] which established service territories for electric suppliers within the state. The Act was intended to prevent and eliminate the duplication of electric distribution facilities used to furnish retail electric service. It sought to accomplish these goals in several ways; it allocated essentially exclusive service territories to electric suppliers, gave a primary electric supplier within a municipality the option to purchase the distribution facilities of any secondary electric suppliers within the municipality,[2] specified

---

* Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. Act No. 84–206 is codified at Ala.Code §§ 37–14–1 to –17 (Supp.1985).

2. A primary electric supplier was defined as the electric supplier serving a plurality of the premises within existing municipal limits. Ala.Code § 37–14–2(6) (Supp.1985). Secondary electric suppliers are any electric suppliers within exist-

852 854

how the terms of such a purchase would be determined, set up a mechanism for resolving disputes over the terms of such purchases, and provided a private right of action to electric suppliers to enforce the Act's provisions.

The statute also established a state judicial review process to "validate" the provisions of the Act. Any secondary electric supplier whose facilities were subject to purchase was authorized to file a complaint in the Circuit Court of Montgomery County, Alabama, to "seek judicial determination of the legality and validity of such purchase of facilities ... and all other questions of the legality or validity of the provisions of [the Act]." Ala.Code § 37–14–11 (Supp.1985). Citizens of the state, the attorney general, and all electric suppliers within the state would be given actual or constructive notice of the pending complaint and an opportunity to participate in the proceedings. The Act sought to foreclose future litigation by providing that the failure to participate in the initial "validation" proceeding would be deemed a waiver of any right to challenge the validity of any of the provisions of the Act or any transaction made or proposed pursuant to the Act. Id. § 37–14–12(h). It further provided that no action could be commenced challenging the legality or validity of the provisions of the Act where the legality or validity had been determined in any prior proceeding. Id. § 37–14–14.

On May 1, 1984, a number of electric cooperatives[3] filed a complaint in the Circuit Court for Montgomery County, Alabama, to obtain a judicial determination of the legality and validity of the Act.[4] Named as defendants were the citizens of

Alabama, the Alabama Power Company, and thirty-six municipalities that own and operate electric distribution facilities. The complaint was subsequently amended to allege that Wiregrass Electric Cooperative, Inc., one of the plaintiff cooperatives, had received notice, pursuant to the Act, that Alabama Power Company intended to exercise its option to purchase Wiregrass' distribution facilities.

The City of Dothan, one of the defendants, in its answer opposed the relief sought by the cooperatives and alleged that the Act violated numerous provisions of the state and federal constitutions. The City of Dothan also filed a counterclaim, asking the court to declare the Act illegal and unconstitutional and enjoin the implementation and enforcement of its provisions. The City named the Tennessee Valley Authority (TVA) as an "additional counterclaim defendant," alleging that TVA was an "electric supplier" within the contemplation of the Act and that the Act violated the United States Constitution in its attempt to regulate TVA, an agency of the federal government.[5] Thirty of the municipal defendants ultimately adopted the response and counterclaim filed by the City of Dothan and joined in its request to declare the Act illegal. Alabama Power Company and the remaining municipal defendants, although named defendants in the case, agreed with the plaintiff cooperatives' position and asked the court to grant the relief the cooperatives sought.

TVA, after being joined as a counterclaim defendant, filed a petition in the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1441(c) (1982),[6] for removal of the action

---

ing municipal limits that are not the primary electric supplier. Id. § 37–14–2(7).

3. Twenty-two electric cooperatives ultimately became parties to the suit.

4. The complaint was brought pursuant to the judicial review provisions of the Act and the Alabama declaratory judgment statute, Ala.Code §§ 6–6–220 to –232 (1975).

5. The City of Decatur also referred to TVA in its answer, alleging that it was a party to two

agreements with TVA and that the "execution" of the Act would unlawfully impair the obligations imposed by those contracts.

6. 28 U.S.C. § 1441(c) (1982) provides that:
§ 1441. Actions removable generally
....
(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be

to that court. TVA's petition stated that the counterclaim asserted against it arose under the supremacy and commerce clauses of the Constitution, as well as the statute creating TVA, see 16 U.S.C. §§ 831–831dd (1982). Allegedly, the district court would therefore have had original jurisdiction over the counterclaim, pursuant to 28 U.S.C. §§ 1331, 1337 (1982), thus allowing for removal pursuant to 28 U.S.C. § 1441(c) (1982).[7]

On July 20, 1984, the municipal defendants moved the court for summary judgment, pursuant to Fed.R.Civ.P. 56, alleging that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law on four of the grounds upon which they alleged the Act was illegal. On July 31, TVA moved the court to dismiss the claim against it, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim or, in the alternative, to grant summary judgment in its favor. On August 23, the cooperatives moved the court to grant summary judgment in their favor and declare the Act constitutional. On September 13, the municipal defendants filed a second motion for summary judgment, raising the remaining grounds, not contained in their first motion, upon which they alleged the Act was illegal. The court heard argument from counsel on October 25, on the pending motions for summary judgment.

On November 2, the district court issued an opinion addressing the various motions for summary judgment. The court held that the Act was contrary to law in four respects: (1) the Act purported to regulate the activities of TVA in contravention of the supremacy clause of the Constitution; (2) the Act violated Ala.Const. art. XII, § 220, governing the right of municipalities to consent to the use of their streets; (3) the "validation" proceeding authorized by the Act sought to require courts to adjudicate hypothetical controversies in violation of the Alabama and United States Constitutions; and (4) the Act unlawfully impaired existing contractual obligations in violation of U.S. Const. art. I, § 10, and Ala.Const. art. I, § 22 and art. IV, § 95.[8] Accordingly, the court issued an order granting TVA's motion for summary judgment and the municipal defendants' first motion for summary judgment[9] and denying the cooperatives' motion for summary judgment. The court permanently enjoined the "implementation and enforcement of the provisions of the Act" and enjoined all parties from "implementing or otherwise enforcing any of the provisions of the Act." The cooperatives and Alabama Power Company appealed from the district court's order.[10]

In May 1985, while this appeal was pending, a regular session of the Alabama legislature enacted Act No. 85–645 (the 1985

removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

7. 28 U.S.C. § 1441(c) (1982) requires that the separate and independent claim be "removable if sued upon alone." A defendant may remove an action brought in state court if the district court would have original jurisdiction of it, 28 U.S.C. § 1441(a) (1982), as in the case where the action arose under federal law as specified in 28 U.S.C. §§ 1331, 1337 (1982).

8. The Act stated that its provisions were not severable and that if "any *part* of [the Act] is declared invalid under the constitution or laws of *this* state, such declaration shall render invalid all parts which remain." Ala.Code § 37–14–17 (Supp.1985) (emphasis added).

The district court held that the nonseverability provision applied to declarations of invalidity

under the United States Constitution. Accordingly, any one of the four asserted constitutional defects would have required invalidation of the entire Act. The court also necessarily held that a finding that the Act could not apply to TVA or that the Act unlawfully impaired the obligations of some contracts amounted to declaring a "part" of the Act invalid within the meaning of the nonseverability clause. In light of our holding, we need not address these issues of state law.

9. The court explicitly refused to address the other claims of unconstitutionality raised by the municipal defendants. It is unclear whether those claims were dismissed or merely held in abeyance by the court. In any event, our appellate jurisdiction must derive from 28 U.S.C. § 1292(a)(1) (1982) (appeals from orders granting injunctions), rather than from 28 U.S.C. § 1291 (1982) (appeals from final decisions).

10. This appeal is No. 84–7765.

Act).[11] The 1985 Act, like the 1984 Act, was intended to eliminate duplication of electric distribution facilities. It sought to achieve that result through many of the same mechanisms employed in the 1984 Act. The legislature, however, responding to the district court's order declaring the 1984 Act unconstitutional, modified the statutory scheme in several respects, hoping to alleviate the four constitutional problems identified in the district court's opinion.[12]

Immediately following the effective date of the 1985 Act, the cooperatives filed a complaint in the Circuit Court for Montgomery County, Alabama, to obtain a judicial determination of the legality and validity of its provisions. Virtually simultaneously, the municipal defendants filed a motion for further relief in the district court below. They advised the court of the passage of the 1985 Act and contended that, except for specifically exempting TVA from its coverage, the 1985 Act did not differ materially from the 1984 Act, suffering from the same constitutional infirmities the district court found in the 1984 Act. The municipal defendants asked the court to stay the operation and enforcement of the 1985 Act pending the resolution of their

appeal of its 1984 Act decision, enjoin all parties from implementing the 1985 Act, and grant such other relief as the court deemed appropriate. The cooperatives and Alabama Power Company opposed the motion for further relief, contending that the 1985 Act differed significantly from the 1984 Act, and that therefore no further relief was necessary to protect the court's earlier judgment.

On May 24, 1985, the court held a hearing on the municipal defendants' motion for further relief. On May 31, the court issued an opinion declaring the 1985 Act invalid in its entirety.[13] That same day, the court issued an order declaring the 1985 Act invalid, granting the municipal defendants' motion for further relief, and permanently enjoining all parties to the action from implementing or enforcing the provisions of the 1985 Act. The cooperatives and Alabama Power Company appealed from the court's May 31 order.[14] We granted appellants' motion to consolidate the appeals from the district court's 1984 Act order and its 1985 Act order.[15]

## II.

Congress has provided that "[w]henever a separate and independent claim or

11. Act No. 85–645 is codified at Ala.Code §§ 37–14–30 to –40 (Supp.1985).

12. The 1985 Act specifically provided that TVA was exempt from its provisions. Ala.Code § 37–14–31(1) (Supp.1985). As to those portions of the 1984 Act that the district court found violated the municipal consent clause of the Alabama Constitution, the 1985 Act specifically stated that its provisions were subject to municipal consent. *Id.* § 37–14–32(1), –33(a)(5). The 1985 Act made various changes in the "validation" procedure in the hope of remedying any constitutional defects. *See id.* § 37–14–38. Finally, the 1985 Act provided that, to the extent it unlawfully impaired the obligations of contracts, such impairment would not render invalid the application of the statute in all instances not impairing such contracts. *Id.* § 37–14–39.

13. The court noted that the 1985 Act unlawfully impaired the obligations of contracts to the same degree as the 1984 Act. Although the 1985 Act contained a severability clause regarding the impairment of contracts, *see supra* note 12, the court concluded that the central purpose of the

1985 Act would be defeated if it could not impair existing contracts and that the entire Act must therefore fall despite the severability clause. The court also held that the effect of the 1985 Act was to violate the municipal consent provision of the Alabama Constitution, Ala. Const. art. XII, § 220, although the Act stated explicitly that its provisions were subject to municipal consent.

14. This appeal is No. 85–7368.

15. The 1985 Act's declaration of findings and policy stated that the legislature believed the 1984 Act was erroneously declared invalid. Ala. Code § 37–14–30 (Supp.1985). The 1985 Act provided for the repeal of all conflicting laws, except that in the event the 1984 Act was finally adjudicated to be valid and constitutional, the 1984 Act would remain in effect and the 1985 Act would become ineffective, with slight modifications not pertinent to this appeal. *Id.* § 37–14–40. Passage of the 1985 Act therefore only conditionally repealed the 1984 Act. The enforcement of both Acts has been permanently enjoined by the district court. Both statutes are therefore before us in these appeals.

cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed." 28 U.S.C. § 1441(c) (1982). An action is "removable if sued upon alone" if the district court would have original jurisdiction of it. 28 U.S.C. § 1441(a) (1982). In such a situation, the defendant or defendants may remove the case to the United States District Court. *Id.*

The basis for removal in the instant case is found in TVA's removal petition. TVA maintained that the claim asserted against it arose under the United States Constitution and the federal statute creating TVA. The district court would therefore have had original jurisdiction of the claim under 28 U.S.C. § 1331 (1982) (federal question jurisdiction) or 28 U.S.C. § 1337 (1982) (action arising under act of Congress regulating commerce).

■ The problem with this analysis is that it fails to recognize that no *claims* were asserted against TVA. The municipal defendants' counterclaim, asserting the illegality of the 1984 Act, named TVA as an "additional counterclaim defendant" and alleged that the Act purported to regulate TVA and was therefore unconstitutional under the supremacy clause. No relief was sought against TVA. The counterclaimants did not allege that TVA was acting unlawfully or infringing upon their rights. In fact, the court could have granted the relief they sought without affecting any of TVA's rights. Although a state is free to establish its own rules regarding joinder of parties, impleader, and interpleader, the mere fact that a party is denominated an "additional counterclaim defendant" does not mean that a claim is asserted against that party for purposes of removal. *See Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 704–05, 92 S.Ct. 1344, 1348–49, 31 L.Ed.2d 612 (1972).[16]

■ A determination that the case was improperly removed to federal court does not end our inquiry. The Supreme Court has instructed that, where, after removal, a case proceeds to the merits without objection and, as here, the federal court enters judgment, the issue on appeal is not whether removal was proper but whether the district court would have had original jurisdiction of the case had it been filed in that court. *Id.* at 702, 92 S.Ct. at 1347.

■ A review of the issues posed by this case demonstrates that it was not one over which the district court could have asserted original jurisdiction. The complaint was brought by a number of electric cooperatives seeking a determination of the legality and validity of a state statute. It was brought pursuant to a "validation" procedure whereby all issues that could possibly arise under the statute were to be litigated at once. Although state law may be contrary, federal courts are constrained by the Constitution to decide only live cases and controversies. U.S. Const. art. III, § 2.[17] Federal courts may not render advisory opinions on abstract or hypothetical propositions of law. *Hall v. Beals,* 396 U.S. 45, 48, 90 S.Ct. 200, 201–02, 24 L.Ed.2d

---

16. It is the defendant that, under appropriate circumstances, has the statutory right to remove a case. 28 U.S.C. § 1441(a) (1982). No claim was asserted against TVA, nor was any relief sought from it. It is therefore difficult to argue that TVA is a "defendant" to an action within the context of the removal statute. *Id.*

Because no claim was asserted against TVA, nor could TVA properly be referred to as a defendant, we intimate no view on the problems associated with third-party defendant removal of separate and independent claims under 28 U.S.C. § 1441(c) (1982). *See generally* Note, *Third-Party Removal of an Entire Case: Who Can Remove, Who Cannot,* 41 Wash. & Lee L.Rev. 1533 (1984).

17. The states may, of course, establish procedures whereby their courts render advisory opinions on hypothetical issues. In this case, the statutory scheme purports to foreclose all future litigation once the state courts have adjudicated the validity of the statute. Should an actual controversy involving a federal question arise subsequent to a state "validation" procedure, the federal court would have to determine, as a matter of federal law, whether a state court's earlier advisory opinion on a hypothetical matter precluded consideration of an actual controversy involving a federal claim.

214 (1969) (per curiam). A federal court may not, consistent with the Constitution, entertain a proceeding such as this one, that merely seeks validation of a statutory scheme and allows for the adjudication of potential issues that have not actually arisen. The case must consist of a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).[18]

The only actual transaction referred to in the complaint involved Alabama Power Company's proposed purchase of Wiregrass Electric Cooperative's facilities. Both of those parties, however, supported the validity of the statute and asked the court to declare it constitutional. They were both content to effect the transaction, pursuant to the 1984 Act, and had no complaint with the statute's application. No case or controversy existed with regard to the Wiregrass facilities. *See Aetna Life Insurance Co. v. Haworth*, 300 U.S. at 240–41, 57 S.Ct. at 464 ("controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests").[19]

## III.

We have determined that this case does not come within the statutorily prescribed category of removable cases. Our inquiry must therefore focus on whether the case falls within the district court's original jurisdiction. The Constitution precludes a federal court from entertaining a suit to "validate" a statutory scheme and decide all hypothetical questions that may ever arise thereunder. Accordingly, we vacate the district court's orders and injunctions in Nos. 84–7765 and 85–7368 and remand the case with the instruction that it be dismissed.

VACATED and REMANDED with instructions.

---

**18.** The fact that a declaratory judgment was sought in this case does not affect the case or controversy inquiry. A declaratory judgment is procedural only, providing a court with an additional remedy. Such a remedy, however, may operate "only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. at 239–40, 57 S.Ct. at 463.

**19.** Were we to assume that this case fell within the district court's original jurisdiction, the manner in which the claims were adjudicated would still be troublesome. When an entire case is removed pursuant to 28 U.S.C. § 1441(c) (1982), the district court may determine all issues presented or, in its discretion, may remand all matters not otherwise within its original jurisdiction. The court's initial inquiry should focus on the claim forming the basis for removal. In this instance, assuming that an actual claim was asserted against TVA and that it presented a live case or controversy, as opposed to the mere allegation that the statute might be applied to TVA at some future time, the court could readily have determined either that the statute did not apply to TVA or that it could not constitutionally be applied to TVA. The next step in the court's inquiry would be whether to exercise the discretion to decide the rest of the case or to remand it. In an analogous situation—whether a district court should exercise pendent jurisdiction over state law claims in a case also containing federal law claims—the Supreme Court has articulated several relevant factors to be considered. These factors would appear equally applicable in a district court's decision whether to adjudicate an entire case removed pursuant to 28 U.S.C. § 1441(c) (1982) or to remand portions of the case. Where state law issues dominate, the matter to be adjudicated is primarily one of state interest; if the claim forming the basis of federal jurisdiction is dismissed early in the proceeding, discretion should be exercised in favor of a remand and against deciding the remaining claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).