Sandra Morgan SKIPPER, As Administratrix of the Estate of Danny J. Skipper, Deceased, and Sandra Morgan Skipper, Individually, Plaintiffs,

v.

HOFF AND ASSOCIATES; Graco, Inc.; Esco Corporation; Falk Corporation; Continental Can Company; United Paper Workers International Union; and United Paper Workers International Union Local 638, Defendants.

No. CV487–111.

United States District Court,
S.D. Georgia,
Savannah Division.

Sept. 8, 1987.

Joseph B. Bergen, Frederick S. Bergen, Savannah, Ga., for plaintiffs.

Hugh B. McNatt, Jiles M. Barfield, Vidalia, Ga., for Graco, Inc.

Eugene G. Partain, C. Scott Greene, Bruce C. McCall, Atlanta, Ga., R. Clay Ratterree, Savannah, Ga., for Esco Corp.

## ORDER

EDENFIELD, District Judge.

Before the Court are plaintiffs' motion to remand and defendant Unions' motion for summary judgment.

### I. *Background*

Sandra Morgan Skipper, individually and as administratrix of her husband's estate, brought this action to recover damages for the death of her husband, Danny J. Skipper. Mr. Skipper was fatally injured when, while working, he became ensnared in a wood chip conveyor. This action was originally filed in the Superior Court of Chatham County, Georgia. On April 14, 1987, all of the defendants who had been served at that time joined in the removal of the action to this Court.

Removal was predicated on the two claims plaintiffs assert against the defendant Unions. In Count III of the complaint, plaintiffs allege that the Unions breached an agreement contained in the Union constitution to provide for safety in the workplace. In Count IV, plaintiffs allege that the Unions negligently failed to ensure a safe workplace.

Under 28 U.S.C. § 1441, any civil action, brought in state court, of which the district courts of the United States have original jurisdiction, is removable by the defendants. Plaintiffs insist that only state law claims were filed against the union. They contend, therefore, that removal was improper.[1] The defendants contend that, because federal law preempts the area of a Union's duties toward the employees it represents, the plaintiffs' claims are necessarily federal.

The defendant Unions have also filed a motion for summary judgment. The Unions contend that they had no duty to ensure safety in the workplace, and that, therefore, they are entitled to judgment as a matter of law.

### II. *Analysis*

#### A. Motion to Remand

The motion to remand must be addressed first because if plaintiffs are correct in their contention that their claims against the Union are based solely on state law, then this Court has no jurisdiction to reach the merits of defendants' summary judg-

---

1. Complete diversity does not exist between the parties. Thus, this Court will have removal jurisdiction only if plaintiffs have asserted federal claims. 28 U.S.C. § 1441(b).

ment motion. *See Dixie Electric Corp. v. Citizens of Alabama*, 789 F.2d 852 (11th Cir.), *rhng. denied*, 794 F.2d 687 (11th Cir. 1986).

■ The defendant Unions contend that because plaintiffs' state claims are preempted by federal law, the state claims must be recast as federal ones. Preemption is a *defense* to claims brought under state law. *See Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Preemption precludes enforcement of state laws; it does not change the nature of claims asserted from state to federal.

■ Defendants would characterize plaintiffs' claims as claims for breach of the duty of fair representation,[2] and as claims asserting rights under the collective bargaining agreement.[3] If plaintiffs' claims could accurately be recharacterized in this way, this Court would have jurisdiction.[4] Plaintiffs, however, admit that neither the duty of fair representation nor the collective bargaining agreement entitle them to relief. The plaintiffs' claims are that they are entitled to relief under the Union constitution and under state tort law. This the defendants deny. To recast plaintiffs' claims as the defendants urge

would be to distort and dissolve the controversy before the Court.[5] Therefore, the Court must determine whether it has original jurisdiction over either (1) plaintiffs' claim under the Union constitution or (2) plaintiffs' claim under state tort law.

### 1. Union Constitution Claim

Article II, § 1(a) of the Union constitution states that one of the objects of the Union is to "improve [the workers'] wages, hours of work, job security and other conditions of employment." Plaintiffs assert that, by virtue of this provision, the Unions have contractually assumed a duty to ensure workplace safety. While this claim clearly lacks merit, the Court's present inquiry is limited to whether the claim is within its original jurisdiction.

Under section 301 of the Labor Management Relations Act, there is federal jurisdiction over "suits for violation of contracts between an employer and a labor organization ... or between such labor organizations." 29 U.S.C. § 185. In *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), it was held that the word "between" referred to contracts, not to suits. Therefore, to trigger

---

**2.** The duty of fair representation is derived from the statutory grant, in 29 U.S.C. § 159(a), of the exclusive power to represent all employees in the collective bargaining unit. *See Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). A suit for breach of the duty of fair representation is within federal court jurisdiction under 28 U.S.C. § 1337.

**3.** Federal courts have jurisdiction to entertain a suit by a union member seeking to enforce a provision of a collective bargaining agreement under 29 U.S.C. § 185.

**4.** *See supra*, notes 2 and 3.

**5.** Defendants point to other cases in which suits against unions for on the job injuries were treated as federal claims despite the fact that the claims were brought pursuant to state tort law. *See International Brotherhood of Electrical Workers v. Hechler*, — U.S. —, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987); *Burgess v. Allendale Mutual Ins. Co.*, 111 L.R.R.M. (BNA) 2997 (S.D.Ga. 1982). In these cases, the plaintiffs claimed that the unions had safety-related duties under a collective bargaining agreement. Federal jurisdiction existed because when a tort claim is "inextricably intertwined with consideration of

the terms of the labor contract" it is a claim within section 301 of the Labor–Management Relations Act. *Hechler, supra*, — U.S. at — —, 107 S.Ct. at 2165–2168, 95 L.Ed.2d at 800–803. Section 301 authorizes suit in federal court for a violation of a collective bargaining agreement. Here, plaintiffs admit that no safety related duties are imposed by the collective bargaining agreement. Instead, they claim that such duties are imposed by the Union constitution and state tort law. No interpretation of the collective bargaining agreement is necessary to resolve the instant action; therefore, *Hechler* and *Burgess* do not support the recasting of plaintiffs' claims as federal ones.

Plaintiffs also admit that there has been no breach by the Unions of the duty of fair representation. The duty of fair representation is not breached unless a union's actions are arbitrary, discriminatory or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiffs have not alleged any such conduct by the Unions. Therefore, the plaintiffs' claims cannot fairly be characterized as claims for breach of the duty of fair representation.

jurisdiction the *contract* sued upon had to be between an employer and a labor organization, or between labor organizations, but the *suit* did not have to be between such parties. In *Smith*, the Supreme Court held that section 301 authorized a suit by an individual union member against his employer for violation of a collective bargaining agreement.

After *Smith*, the former Fifth Circuit[6] concluded that section 301 also authorized suits by individual union members against their unions for violations of the union constitution. *See Alexander v. International Union of Operating Engineers, AFL–CIO*, 624 F.2d 1235 (5th Cir.1980). In *Alexander*, the court held that there was a limitation on the right of a union member (or a union) to sue for violations of the union constitution. Under *Alexander*, to establish jurisdiction, the constitutional violation must "create a threat to industrial peace or have a significant impact upon labor-employer relations." 624 F.2d at 1238. The justification for this limitation is that Congress did not intend to intervene in purely intra-union affairs. *Id.*

In *United Association of Journeymen Plumbers v. Plumbers Local 334*, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981), the Supreme Court held that "contracts ... between such labor organizations" include union constitutions. Therefore, the court held that a local union could, pursuant to section 301, commence a federal suit against a national union to vindicate rights under a union constitution. The Court, however, noting a division among the circuits, left open the question whether an *individual union member* could sue his union for a violation of the union constitution under section 301. *Journeymen, supra*, 452 U.S. at 627 n. 16, 101 S.Ct. at 2553 n. 16. In *Journeymen*, the Supreme Court also eliminated the "significant impact" requirement of *Alexander* in the context of

suits between labor unions. 452 U.S. at 624–25, 101 S.Ct. at 2551–52.

This Court believes that *Journeymen* left undisturbed the former Fifth Circuit's holding in *Alexander* that an individual union member can sue his union for a violation of the union constitution pursuant to section 301.[7] This Court also believes that *Journeymen*'s elimination of the "significant impact" test adopted in *Alexander* extends to the context of suits by individual union members. *See Kinney v. International Brotherhood of Electrical Workers*, 669 F.2d 1222, 1229 (9th Cir.1981); *Davis v. American Postal Workers Union, AFL–CIO*, 582 F.Supp. 1574 (S.D.Fla.1984). The relevant language from *Journeymen* is as follows: "[N]othing in the language of [section 301] suggests any special qualification or limitation on its reach, and we decline to interpose one ourselves." 452 U.S. at 624–25, 101 S.Ct. at 2551–52. The Supreme Court also stated that "the adoption of the 'significant impact' test urged by the Court of Appeals would engage the federal courts in the sort of *ad hoc* judgments on the jurisdictional sufficiency of the pleadings that the language of section 301(a) belies." 452 U.S. at 625 n. 10, 101 S.Ct. at 2552 n. 10. The Supreme Court's criticism of the "significant impact" test is just as applicable to suits brought by union members as it is to suits brought by unions. Therefore, it is unnecessary for this Court to engage in an analysis with respect to whether the requirements of the "significant impact" test have been met. The Court has jurisdiction over plaintiffs' union constitution claim. Plaintiffs' motion to remand is denied.

### B. Motion for Summary Judgment

The plaintiffs assert that the Unions breached a duty contained in the union constitution, and imposed under state tort

---

**6.** The Eleventh Circuit has adopted Fifth Circuit decisions prior to October 1, 1981, as binding precedent. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir.1981).

**7.** In *Rutledge v. Aluminum, Brick, & Clay Workers International Union*, 737 F.2d 965, 969–70 (11th Cir.1984), the Eleventh Circuit noted that

the question whether section 301 authorizes suits by individual union members against their unions for violations of the union constitution is ripe for reevaluation in light of *Journeymen*. The court avoided the issue, however, by finding that pendent jurisdiction existed over a union member's union constitution claim.

law, to ensure safety in the workplace. The Court holds that no such duty exists.

■ The common law places the duty to provide a safe workplace on an employer, not on a union. *See International Brotherhood of Electrical Workers v. Hechler,* —— U.S. ——, ——, 107 S.Ct. 2161, 2167, 95 L.Ed.2d 791, 801 (1987). By statute, this is also true in Georgia. O.C.G.A. § 34–2–10.

■ Under federal law, unions *do* have a duty to represent fairly all of the employees of the bargaining unit. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However, the duty of fair representation does not support an action for negligence; it is not breached unless the union's actions are arbitrary, discriminatory or in bad faith. *Id.* The plaintiffs acknowledge that the unions have not breached the duty of fair representation.

■ Of course, a union could contractually assume duties relating to workplace safety in a collective bargaining agreement. *See Hechler, supra,* —— U.S. at ——, 107 S.Ct. at 2167, 95 L.Ed.2d at 802; *Condon v. Local 2944, United Steelworkers of America,* 683 F.2d 590 (1st Cir.1982). However, plaintiffs have acknowledged that in the instant case no such duty can be found in the collective bargaining agreement.

■ The plaintiffs' contention that the union has contractually assumed a duty to ensure workplace safety by virtue of the general statement of objectives contained in the union constitution borders on frivolous. Even the broadest reading of the constitutional provision grants no contractual rights or duties of the type alleged here.[8]

■ After thorough research, the Court has found no support for plaintiffs' contention that state law imposes a duty to ensure workplace safety on the unions. Even if state law did impose such a duty, it could not withstand the preemptive scope of federal law. *See Condon, supra,* 683 F.2d at 594–96.[9]

### III. *Conclusion*

For the reasons stated, plaintiffs' motion to remand is DENIED. Defendant Unions' motion for summary judgment is GRANTED. Plaintiffs' claims against the union are DISMISSED with prejudice.

---

**8.** The relevant provision states that one of the objects of the union is to "improve [the workers'] wages, hours of work, job security and other conditions of employment." Article II, § 1(a) of the union constitution.

**9.** A union's duties in carrying out its representational functions is an area "so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law, rather than by local law." *Teamsters v. Morton,* 377 U.S. 252, 261, 84 S.Ct. 1253, 1259, 12 L.Ed.2d 280 (1964). Congress has "occupied the field and closed it to state regulation." *Id.*

There is one narrow exception to the above noted preemption rule. This exception, however, applies only to state regulation of activity which is

a merely peripheral concern of the Labor Management Relations Act ... [or] touched

interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the states of the power to act.

*Farmer v. United Brotherhood of Carpenters, Local 25,* 430 U.S. 290, 296–97, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338 (1982).

The exception has been held to encompass intentional torts such as intentional infliction of emotional distress, *Farmer, supra,* 430 U.S. at 301–02, 97 S.Ct. at 1064, and malicious libel. *Linn v. Plant Guard Workers,* 383 U.S. 53, 63, 86 S.Ct. 657, 663, 15 L.Ed.2d 582 (1966). Clearly, the exception does not apply here. The duty sought to be imposed here has the potential of bankrupting labor unions, and conflicts directly with the policy goals of the Labor Management Relations Act.