**ELKHART COOPERATIVE EQUITY EXCHANGE, Plaintiff,**

v.

**Terry W. DAY, Henry Lee, Jack Thompson, Lloyd Tucker, Joe Whisennand, and Johnny Boaldin, Defendants.**

No. 89–1126–C.

United States District Court, D. Kansas.

July 18, 1989.

Jacob S. Graybill, Wichita, Kan., Gaybill & Richardson, Wlkhart, Kan., for plaintiff.

Rex A. Sharp, Liberal, Kan., Mikel Stout, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., K. Mike Kimball, Hathaway, Kimball & Boelte, Ulysses, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on motions to remand filed by all of the parties except the intervening defendant, Farmland Mutual Insurance Company (Farmland). The movants include plaintiff, Elkhart Cooperative Equity Exchange (Co-op); defendant, Terry W. Day (Day); and defendants Henry Lee, Jack Thompson, Lloyd Tucker, Joe Whisennand and Johnny Boaldin (Directors). They contend the case was improperly removed by the intervening defendant.

Farmland filed its petition on March 7, 1989, seeking removal pursuant to 28 U.S.C. § 1441(c) on the grounds that defendant Day's cross-claim against it was separate and independent from the claims or causes of action brought by Co-op against the defendants and that the court would have original diversity jurisdiction under 28 U.S.C. § 1332 on Day's cross-claim if it were the only cause of action in this case. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

If the terms of this provision have been met, then Farmland has properly removed the entire case. *See American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

The district court shall remand a case if it appears before final judgment that the "court lacks subject matter juris-

diction." 28 U.S.C.A. § 1447 (West Supp. 1989). A case can be remanded only on the grounds stated by statute. *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 345, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976). The burden generally rests with the removing party to establish the propriety of removal on the basis of diversity of citizenship when other parties seek to remand the case. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Alfalfa Cubes, Inc. v. Dutton,* 618 F.Supp. 1425, 1427 (D.Kan.1985).

Plaintiff Co-op originally filed this action in the District Court of Morton County, Kansas, on May 24, 1988, against only the defendant Day, who formerly was the general manager of plaintiff's operation. Plaintiff alleged, *inter alia,* that Day as general manager negligently sold grain on credit to PGS Commodities, Inc. and to PGS Enterprises, Inc. resulting in a substantial loss to plaintiff. In a separate suit, plaintiff obtained judgment against PGS Commodities, Inc. and PGS Enterprises, Inc. in the amount of $1,726,623.18 with interest accruing at $686.18 per diem. Day notified Farmland of his claim that he was an insured under two policies issued by it which require it to indemnify him for any adverse judgment and to provide him a defense.

Around October 5, 1988, Farmland moved to intervene as a defendant under K.S.A. 60–224, stating that its insurance policy had been called into question to cover the loss in these transactions and that neither plaintiff nor defendant Day were situated so as to represent or protect adequately Farmland's interest. Farmland also argued: "The claim made by Elkhart Coop against Farmland Insurance Company for coverage is virtually identical to that alleged in the instant case against Terry Day." Farmland was allowed to intervene as a defendant, and it filed an answer on or about October 13, 1988.

In December of 1988, Day moved to add a cross-claim against Farmland demanding declaratory relief, indemnity and other re-

lief. Farmland then sought to withdraw its intervention on or about January 31, 1989. The state district court on February 13, 1987, denied Farmland's motion to withdraw and granted Day's motion to assert a cross-claim against Farmland. Day filed his amended answer and cross-claim on February 27, 1989. Plaintiff thereafter served its amended petition adding as defendants the Directors of Co-op and alleging that its loss occurred as a result of Day's "breach of his employment contract ... and as a result of his errors, neglect, breach of duty and gross and wanton negligence...."

In its petition for removal filed March 7, 1989, Farmland argues because Day's cross-claim seeks declaratory judgment on an insurance contract against Farmland, it is separate and independent from the tort action brought by Co-op against Day. This legal argument and the fact of diverse citizenship between it and Day are the bases for Farmland's removal of the entire case under 28 U.S.C. § 1441(c). Plaintiff, Day and the Directors request remand of the case on the strength of either of two basic contentions. First, Farmland is not a proper party to seek remand under § 1441(c). Second, Day's cross-claim is not separate and independent. The movants also request costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

Section 1441(c) was intended to prevent a plaintiff from overriding a defendant's right to removal by merely joining this removable claim with a separate and independent claim that is not removable. *Thomas v. Shelton,* 740 F.2d 478, 482 (7th Cir.1984); *Ehrlich v. Oxford Ins. Co.,* 700 F.Supp. 495, 497 (N.D.Cal.1988). Consistent with that purpose, 28 U.S.C. § 1441(c) by its express terms allow for "removal where a plaintiff has joined (1) 'a separate and independent claim or cause of action,' (2) 'removable if sued upon alone,' with (3) 'one or more otherwise non-removable claims or causes of action.'" *Nabors v. City of Arlington,* 688 F.Supp. 1165, 1167 (E.D.Tex.1988). Under element two, an action is "removable if sued upon alone" when the district courts of the United States would have original jurisdiction over

it. 28 U.S.C. § 1441(a). *See Dixie Elec. Co-op v. Citizens of State of Ala.,* 789 F.2d 852, 857 (11th Cir.1986). Section 1441(a) also confers the right to removal only upon the "defendant or the defendants." *Id.*

■ This court has previously addressed removal under § 1441(c) in a published decision and therein outlined three general principles which guide the courts in such circumstances. *Alfalfa Cubes,* 618 F.Supp. at 1427. First, Congress enacted § 1441(c) with the intention of restricting the right to removal. Second, § 1441(c) is a jurisdictional statute to be interpreted and applied as a matter of federal law. Third, removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. *Id.*

Whether a third-party or cross-claim defendant may remove a claim is a question unanswered by both Congress and the Supreme Court. *See* 14A Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3724 at 388–389 (1985). The Tenth Circuit has not addressed this issue, and only two circuits have struggled with it and they have reached opposing conclusions. *Carl Heck Engineers v. Lafourche Parish Police,* 622 F.2d 133 (5th Cir.1980) (third-party defendant entitled to removal); *Thomas v. Shelton,* 740 F.2d 478, 487 (7th Cir.1984) ("[I]n the broad run of third-party cases, a third-party defendant cannot remove the case under section 1441(c), [but] we hesitate to adopt a universal and absolute rule...."). Other circuits have purposely sidestepped deciding whether a third-party or cross-claim defendant may petition for removal. *O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir.1988); *Dixie Elec. Co-op v. Citizens of State of Ala.,* 789 F.2d 852, 857 n. 16 (11th Cir.1986). Those courts which have addressed this issue are sharply divided. *Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184, 187 (N.D.N.Y.1988). The majority have ruled that a third-party defendant or cross-claim defendant is not authorized to remove under § 1441(c). *Crawford v. Hosp. of Albert Einstein Coll. of Med.,* 647 F.Supp. 843, 845 (S.D.N.Y.1986); *Mignogna,* 679 F.Supp. at 187–188 (and

cases cited in both). Commentators appear to agree that the applicability of § 1441(c) is limited to claims joined by the plaintiff or plaintiffs. 1A Moore and Ringle, *Moore's Federal Practice* ¶ 0.167[9] (1983); 14A *Federal Practice* § 3724 at 389. The majority rule has been upheld on one or more of these rationales: (1) a third-party or cross-claim defendant is not a defendant contemplated within the meaning of § 1441(a); *see Morris v. Marshall County Bd. of Educ.*, 560 F.Supp. 43, 45 (N.D.W. Va.1983) (and cases cited therein); (2) § 1441(c) applies only to claims joined by the plaintiff; *see Crawford*, 647 F.Supp. at 846; *Mid–State Homes, Inc. v. Swain*, 331 F.Supp. 337, 339 (W.D.Okl.1971); and (3) the third-party claim or cross-claim is not so unrelated to the main claim as to be a separate and independent claim or cause of action; *see Thomas*, 740 F.2d at 486. *Jamison v. Schneider*, 561 F.Supp. 1087, 1089 (D.Kan.1983). 14A *Federal Practice* § 3724 at 390–391.

Courts permitting a third-party or cross-claim defendant to remove have grounded their ruling more in fairness and equity rather than the strict terms of the removal statutes. These courts have criticized the majority rule as allowing the right of removal to depend upon the fortuity of being sued in a third-party complaint or to be subject to the varied state rules on third-party practice. *Mignogna*, 679 F.Supp. at 188; *see also Carl Heck Engineers v. Lafourche Parish Police*, 622 F.2d 133, 135–36 (5th Cir.1980). These courts also generalize the meaning of defendants to include a party who is denying liability and who has never voluntarily submitted to the state court's jurisdiction. *Mignogna*, 679 F.Supp. at 189; *Soper v. Kahn*, 568 F.Supp. 398, 402 (D.Md.1983). This last ground particularly carries no weight in the present case as Farmland voluntarily intervened. Despite the apparent appeal of these arguments to some, this court believes § 1441 should be read narrowly and that any resulting inequities in federal removal jurisdiction should be cured by legislation rather than judicial action.

■ This court is persuaded for a number of reasons that a third-party or cross-claim defendant is not entitled to remove a case under § 1441(c). First, removal under § 1441(c) is available only when a removable claim "is joined with" a non-removable claim. Strictly construed, this provision only permits removal of claims joined in the plaintiff's complaint. This interpretation is fully consistent with the Supreme Court's related holding that plaintiff's pleading controls the determination of whether a claim is separate and independent. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). *See also Alfalfa Cubes*, 618 F.Supp. at 1428. *Cf. Oklahoma Tax Comm'n v. Graham*, 489 U.S. ——, ——, 109 S.Ct. 1519, 1520–1521, 103 L.Ed.2d 924, 928–29 (1989); *Tindle v. Ledbetter*, 627 F.Supp. 406, 407 (M.D.La.1986) (Decision questions the continued validity of the Fifth Circuit decisions, *Marsh Inv. Corp. v. Langford*, 652 F.2d 583 (5th Cir.1981), and *Carl Heck Engineers v. Lafourche Parish Police*, 622 F.2d 133 (5th Cir.1980), allowing a third-party defendant to remove a case in light of Supreme Court's recent reaffirmance of the rule that removal jurisdiction is determined from plaintiff's complaint). This court cannot dilute the legal meaning of "joined" in a jurisdictional statute to mean simply united or combined, when it obviously connotes a pleading practice. *Contra, Mignogna* 679 F.Supp. at 189. A third-party claim is not "joined" with plaintiff's claims unless one ignores the antagonism which typically exists between the plaintiff's claim and a third-party's claim.

As noted by the Supreme Court, Congress statutorily narrowed the right of removal in 1887 by deleting "either party or anyone or more of the plaintiffs" from those authorized by statute to petition for removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–108, 61 S.Ct. 868, 871–872, 85 L.Ed. 1214 (1941) (Held that a plaintiff who is sued by counterclaim is not a defendant). The pronouncement in *Shamrock* for strict construction of removal statutes is paid only lip service if removal jurisdiction is expanded beyond that expressly provided by statute. Section 1441

makes no reference to third or fourth-party defendants. Furthermore, "[t]o allow removal of an entire suit on the basis of a third-party claim is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal at the expense of state jurisdiction in rather a dramatic way." *Thomas,* 740 F.2d at 487. This court is inclined not to increase federal jurisdiction despite the tension caused by non-uniform state pleading practices. Congress is best suited to balance the interests and establish the parameters of federal court jurisdiction which serve those interests.

■ Even assuming this court would adopt the position that a cross-claim defendant could petition for removal, the cross-claims against Farmland are not separate and independent from plaintiffs' claims as to permit removal under § 1441(c). Because of the factual similarity between the present case and the prior case of *Alfalfa Cubes,* the court sees little need for a detailed discussion of the relevant Supreme Court and the Tenth Circuit case law and simply adopts the holding and reasoning in its prior decision of *Alfalfa Cubes,* 618 F.Supp. at 1427–1430. Farmland argues *Alfalfa Cubes* is distinguishable as involving a plaintiff's claim against a surety who is allegedly directly liable to plaintiff corporation on a commercial blanket bond for losses sustained by the dishonesty of plaintiff's officers who are also defendants in the lawsuit. The court sees the distinction but does not appreciate its significance. In both the present case and *Alfalfa Cubes,* the plaintiffs suffered a single wrong, the negligence or breach of fiduciary duties by its officers or agents, and any recovery against the surety or insurance company depends for the most part upon the success of the claims against the plaintiffs' officers or agents. A claim is not "separate and independent" if it is contingent in some way on plaintiff's non-removable claim. *Mignogna,* 679 F.Supp. at 190. *See, e.g., Moore v. United Services Auto. Ass'n,* 819 F.2d 101 (5th Cir.1987). Simply because there are multiple theories of recovery, separate counts or claims with different requirements of proof does not mean the claims are separate and independent. *Alfalfa Cubes,* 618 F.Supp. at 1427.

Farmland relies to a large extent upon the decision of *Marsh Inv. Corp. v. Langford,* 494 F.Supp. 344 (E.D.La.1980), *aff'd,* 652 F.2d 583 (5th Cir.1981), and the discussion of it found in 14A *Federal Practice* § 3724 at 392–393. The precedential weight of that decision has been seriously undercut by the Fifth Circuit's recent decision in *Moore* holding that a bad faith claim against the decedent's insurer is not separate and independent from the negligence claims against the decedent's estate. 819 F.2d at 103–104. *Contra Boggs v. Lewis,* 863 F.2d 662, 664 (9th Cir.1988). This court agrees with movants that the third-party claims against Farmland are not separate and independent.

■ The movants seek costs and attorney's fees pursuant to 28 U.S.C.A. § 1447(c) (West Supp.1989). As amended in November of 1988, this provision now allows the court to award, besides costs, "any actual expenses, including attorney's fees." Farmland argues the statutory change does not alter the established standard for awarding attorney's fees on remand only when the removal has been in "bad faith, vexatious, wanton, or oppressive." *Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir.1981); *Armstrong v. Goldblatt Tool Co.,* 609 F.Supp. 736, 739 (D.Kan.1985). This argument entirely misapprehends the "American rule" on the award of attorney's fees. The award of attorney's fees for vexatious conduct or bad faith is but one exception to the "American rule" and is vested in the "inherent power" of the courts. *Alyeska Pipeline Serv. v. Wilderness Soc.,* 421 U.S. 240, 258–260, 95 S.Ct. 1612, 1622–1623, 44 L.Ed.2d 141 (1975). This exception in no way impacts upon Congress' power "to pick and choose among its statutes and to allow attorneys' fees under some, but not others." *Alyeska,* 421 U.S. at 263, 95 S.Ct. at 1624. By virtue of the amendment to § 1447(c), attorney's fees are now treated in the same fashion as costs, with both matters being left to the court's discretion.

See Coman v. International Playtex, Inc., 713 F.Supp. 1324 (N.D.Col.1989). This court has generally awarded costs only where the non-removability of the action was obvious or where removal was not sought in good faith. See Cohen v. Hoard, 696 F.Supp. 564 (D.Kan.1988); see also Schmitt v. Ins. Co. of N. America, 845 F.2d 1546, 1552 (9th Cir.1988); Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1204 (D.R.I.1986). Because of the sharp division of the courts on the issue of a third-party defendant's right of removal and Farmland's defensible argument that the third-party claim was separate and independent, the court denies the request for attorneys' fees and costs.

Finding itself without jurisdiction over the case, the court will not address Farmland's motion to dismiss.

IT IS THEREFORE ORDERED that the motions to remand the case to Morton County District Court, Morton County, Kansas are granted; and the Clerk of the Court is directed to proceed with remanding the case to that state court.

IT IS FURTHER ORDERED that the moving parties' requests for costs and attorneys' fees are denied.