[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14716
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00861-PGB-GJK


ADA A. GONZALEZ,

Plaintiff-Appellant,

versus

ALFREDO E. GONZALEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 2, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ada Gonzalez, proceeding pro se, appeals the district court order remanding

her state dissolution-of-marriage proceeding back to the state court due to improper

removal under 28 U.S.C. § 1443.    Gonzalez argues that the district court incorrectly determined that she was not the defendant in the state court proceedings and that the court deprived her of the right to remove her case to federal court. After thorough review, we affirm.

We review de novo questions concerning our subject-matter jurisdiction and the district court's removal jurisdiction.  Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006); Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 (11th Cir. 2001).

As a general rule, we lack jurisdiction to review an order remanding a case to the state court from which it was removed.  28 U.S.C. § 1447(d).  So, for example, we lack jurisdiction under § 1447(d) to review remands based on § 1447(c).  See Hernandez v. Seminole Cty., Fla., 334 F.3d 1233, 1236 (11th Cir. 2003).    Section 1447(c) remands are based on (1) lack of subject matter jurisdiction or (2) a motion to remand filed within 30 days of the notice of removal that is based on a defect in the removal procedure.  Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1319 (11th Cir. 2001).

But § 1447(d) expressly permits appellate review of an order remanding a case to state court if the case was removed pursuant to 28 U.S.C. § 1443.  28 U.S.C. § 1447(d).  Under 28 U.S.C. § 1443, a defendant may remove to a federal district court a civil action initiated in the state court if the action is: "(1) Against

2

any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443.  A party seeking to remove her case pursuant to § 1443(1) must show: (1) that the right she relies upon arises under a federal law providing for specific civil rights stated in terms of racial equality, and (2) she has been denied or cannot enforce that right in state court.  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). We have jurisdiction to review a "district court's implicit determination that removal based on § 1443 was improper."  See id. at 1293 n.1.

Only the defendant has the statutory right to remove a case.  See 28 U.S.C. § 1443 (certain state court cases may be removed to federal court by the defendant); Dixie Elec. Co-op v. Citizens of State of Ala., 789 F.2d 852, 857 n.16 (11th Cir. 1986) (discussing the defendant's right to remove a case under 28 U.S.C. § 1441). In Dixie Electric, we looked to the initial complaint and answer, and determined that a counterclaim defendant was not a "defendant" for removal purposes.  Id. at 854-55, 857.  We explained that no claims were asserted against the counterclaim defendant and no relief was sought from it.  Id. at 857.

3

As an initial matter, because the district court specifically determined that Gonzalez had improperly removed the case pursuant to § 1443, we have jurisdiction to review the remand order. See 28 U.S.C. § 1447(d); see also Conley, 245 F.3d at 1293 n.1 (holding that we have jurisdiction to review a district court's rejection of the § 1443 removal grounds, even if implicit).

Turning to the merits, we conclude that the district court did not err in remanding the case. As we've held, the right of removal under § 1443 is only granted to the party who is the defendant in the state court case. Here, Gonzalez sought to remove her divorce proceeding to federal court; however, she was the petitioner in that case. As the district court found, Gonzalez initiated the lawsuit against her ex-husband by filing a petition in state court to modify her alimony. Although her ex-husband moved to prevent her from submitting additional pro se filings, he did not file a separate action. Instead, the sanctions preventing her from submitting further pro se filings and requiring her to pay attorneys' fees stemmed from the motion she filed to modify alimony and her subsequent pro se filings. Gonzalez is not a "defendant" simply because an award of attorney's fees was entered against her or because she believes that the state court violated her rights. In short, because Gonzalez was the petitioner, and not the defendant, in the state court proceedings, she did not have the right to removal.

4

Finally, to the extent Gonzalez seeks review of the denial of her motions for reconsideration, we lack jurisdiction to address the issue because she filed each of these motions after she filed her notice of appeal and did not amend her notice of appeal or file a new notice of appeal. See Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013) (holding that in order to seek appellate review of a district court order disposing of a tolling post-judgment motion, the appealing party is required to filed a separate notice of appeal or amend its original notice to designate the motion as subject to appeal); see also Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal or an amended notice of appeal -- in compliance with Rule 3(c) -- within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

**AFFIRMED**.