**TUYAGDA ALUMINUM PRODUCTS CORP.,**

v.

**HULL DOBBS 65TH INFANTRY FORD, INC. and Banco Popular De P.R.**

v.

**FORD MOTOR COMPANY, Third Party Defendant.**

Civ. No. 872–69.

United States District Court,
D. Puerto Rico.

May 27, 1970.

A. Santiago Villalonga, San Juan, P.R., for third party defendant Ford Motor Co.

Alberto Gerardino, Santurce, P.R., for plaintiff Tuyagda Aluminum.

## ORDER

FERNANDEZ-BADILLO, District Judge.

The case at bar was originally filed in the Superior Court of Puerto Rico, San Juan Part, as an action for rescission of contract and damages. The claim made before the Commonwealth court by plaintiff corporation was one for alleged hidden defects discovered in an automobile bought from Hull Dobbs 65th Infantry Ford, Inc., (hereinafter referred to as Hull Dobbs) and financed by Banco Popular de Puerto Rico. Co-defendant Hull Dobbs filed a third-party complaint against the manufacturer, Ford Motor Company, alleging that if the vehicle had any hidden defects "the actual party responsible for said defects is Ford Motor Company * * * "

Shortly thereafter, the third-party defendant filed a Petition for Removal asserting that it has been at all times a corporation existing under and by virtue of the laws of a state other than the Commonwealth of Puerto Rico having its principal place of business outside this jurisdiction while third-party plaintiff is a local corporation organized and existing under Puerto Rican law. This being the case petitioner invoked federal jurisdiction under 48 U.S.C. § 863 and 28 U.S.C. § 1332. This was followed by an Objection to Removal Requested by Third-Party Defendant which was filed on December 31, 1969 by plaintiff and which came on for hearing on January 9, 1970. The case was continued several times and on January 30, 1970 the same was taken under advisement without argument. The Court shall treat the objection to removal as a Motion to Remand.

It should be noted at the outset that there is no diversity between plaintiff and defendant in the main action. The third-party complaint is completely dependent upon the main action. The Court adopts the position stated in Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (N.D.Ill., 1967) and set forth 1A Moore's Federal Practice § 0.167(10) p. 1052 to the effect that:

" * * * where an action not within original federal jurisdiction is brought in the state courts, introduction of a third party claim, even assuming that the claim is removable if sued upon alone, does not make all or any part of the action removable under 28 U.S.C. § 1441(c)."

Having held that a third party defendant does not have the right to remove, the Court hereby orders and decrees the immediate remand of this action to the court from whence it was improvidently removed.

It is further ordered that this cause be remanded to the Superior Court of Puerto Rico, San Juan Part, as not properly removable to this Court and that the Clerk this day serve a certified copy of this Order of Remand by mail upon the Clerk of the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, in accordance with 28 U.S.C. Section 1447(c).