Alberta **ROZUMALSKI** and Donald **Rozumalski, Plaintiffs,**

v.

David C. **PIERCE, Defendant.**

David C. **PIERCE,**
**Third–Party Plaintiff,**

v.

William J. **ROZUMALSKI, General Motors Corporation, Pontiac Motor Division, Third–Party Defendants.**

No. CIV–88–911E.

United States District Court,
W.D. New York.

Feb. 2, 1989.

Walter P. Seegert, Buffalo, N.Y., for plaintiffs.

James Kehoe, Olean, N.Y., for defendant and third-party plaintiff.

Neil A. Goldberg, Buffalo, N.Y., for third-party defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiffs were passengers in an automobile which was involved in an accident with an automobile operated by the defendant and third-party plaintiff. An action was thereafter commenced by them in the Supreme Court of New York, Chautauqua County. Pierce, thereafter, filed a Third–Party Complaint against William Rozumalski, the driver of the car in which the plaintiffs were passengers, and against General Motors Corporation, Pontiac Motor Division ("GMC"), for indemnity and/or contribution[1] if the plaintiffs recover any judgment against him. The third-party claim for indemnity and/or contribution against William is based on negligence, whereas the claim against GMC is based on products liability and breach of warranty. After the filing of the Third–Party Complaint, GMC filed a Petition For Removal with the Clerk of this Court and removed the entire action pursuant to 28 U.S.C. § 1441(c). All parties, except GMC, are residents of New York. This Court then ordered GMC to show cause why the entire action should not be remanded to the Supreme Court of New York.

The plaintiffs and Pierce and William all request that this Court remand the entire action to the state court upon the grounds that the removal was improper and that this Court does not have subject matter jurisdiction over any of the claims. GMC requests that this Court, pursuant to 28 U.S.C. § 1441(c) and in its discretion, remand the Complaint and that part of the Third–Party Complaint that seeks indemni-

---

1. Although the Third–Party Complaint states that the third-party defendants "shall *indemnify* and hold harmless" the defendant and third-party plaintiff, it is clear that Pierce is seeking indemnity and/or contribution inasmuch as he seeks judgment "indemnifying and awarding of judgment over against" the third-party defendants "for their proportionate and respective share of any such judgment rendered in favor of plaintiffs" and against him. Third–Party Complaint ¶ 8 and prayer for judgment ¶ 2, Petition For Removal.

ty and/or contribution against William, and to retain jurisdiction over the remaining part of the Third–Party Complaint which relates to it.[2]

The issue now before this Court is whether the removal statute, 28 U.S.C. § 1441 in general and 28 U.S.C. § 1441(c) in particular, grants a third-party defendant the right to remove an action properly commenced in state court and, if so, whether the claim for indemnity and/or contribution against GMC is "separate and independent" from the main claim for negligence. For reasons stated below, this Court concludes that the removal was improper inasmuch as the third-party claim against GMC is not separate and independent therefrom and, accordingly, that this entire action must be remanded to the state court.

28 U.S.C. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

GMC contends that it is entitled to remove the action pursuant to the above-quoted statute inasmuch as a third-party defendant should be allowed to take advantage of the removal statute and as the products liability action against it is a separate and independent claim and will involve different and more complicated issues than will the main claim for negligence.

The courts are sharply divided over the question whether a third-party defendant should be allowed to utilize the removal provision of section 1441(c). Most of the courts that have decided the issue have adopted a literal and narrow reading of the statute and have held that a third-party

defendant may not utilize such removal provisions. *See, e.g., Thomas v. Shelton,* 740 F.2d 478, 488 (7th Cir.1984); *Crawford v. Hosp. of Albert Einstein Coll. of Med.,* 647 F.Supp. 843 (S.D.N.Y.1986); *Elsis v. Hertz Corp.,* 581 F.Supp. 604 (E.D.N.Y. 1984); *Luebbe v. Presbyterian Hosp. in City of N.Y., Etc.,* 526 F.Supp. 1162 (S.D.N.Y.1981). There is, however, a long line of cases that have held that, as long as the third- or fourth-party claim is separate and independent from the main claim, the third- or fourth-party defendant may remove the entire action pursuant to section 1441(c). *See, e.g., Carl Heck Engineers, Inc. v. Lafourche Parish Police,* 622 F.2d 133 (5th Cir.1980); *Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184 (N.D.N.Y.1988).[3] The two leading commentators on federal practice and jurisdiction advocate the majority position and have probably influenced those courts which deny a right to removal for third-party defendants. 1A J. Moore & B. Ringle, *Moore's Federal Practice,* § 0.167[10], pp. 507–515 (2d ed. 1987); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3724, pp. 388–391 (1985 & Supp.1987). Neither the United States Supreme Court nor the United States Court of Appeals for the Second Circuit has as yet decided the question.

The rationales for both conclusions are quite persuasive and thought-provoking but this Court need not and should not decide the question inasmuch as the instant actions (both the main action and the third-party action) are entirely non-removable because the third-party claim for indemnification and/or contribution is clearly not a claim which is separate and independent from the plaintiff's main claim for damages resulting from alleged negligent operation of an automobile. Removal under section 1441(c) is impermissible unless the otherwise removable third-party claim (assuming

**2.** Also pending before this Court is a products liability action brought by Donald and Alberta Rozumalski against GMC (CIV–87–1381E), involving the same automobile accident. GMC removed this case from state court and this Court denied the plaintiff's motion for remand

(Memorandum and Order, entered April 1, 1988).

**3.** For an exhaustive list of courts that have held for or against third-party defendant removal pursuant to section 1441(c), *see Mignogna v. Sair Aviation, Inc., supra,* at 189–190.

such removal is allowed) is separate and independent from the non-removable main claim. *See Mignogna v. Sair Aviation, Inc., supra,* at 190. In *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the separate and independent requirement was strictly construed and it was held that, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. "The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id.* at 12, 71 S.Ct. at 539. To be removable a claim must be significantly unrelated to and disassociated from the main claim. If the removable claim arises out of the same transaction and occurrence as does the main claim, it is not separate and independent. *Crawford v. Hosp. of Albert Einstein Coll. of Med., supra,* at 848.

Separate and independent is a reference not to the variety of legal theories advanced but to the underlying occurrence giving rise to the litigation. *Gardner & Florence Call Cowles Found. v. Empire Inc.,* 754 F.2d 478 (2d Cir.1985). The instant third-party claim against GMC seeks indemnification and/or contribution for its proportionate share of any judgment rendered in favor of the plaintiffs against Pierce based on its alleged defective design and manufacture of the seat belt system in the car in which the plaintiffs were passengers. There is only one injury to the plaintiffs here; the fact that the underlying theories of liability are different is not determinative of the separate and independent requirement. The third-party claim for indemnity and/or contribution is not a separate and independent claim—*see Elsis v. Hertz Corp., supra,* at 608; *Croy v. Buckeye Intern., Inc.,* 483 F.Supp. 402, 404 (D.Md.1979)—; it "merely adds another possible cause to the issues to be tried and seeks to shift the responsibility for any damage done." *Luebbe v. Presbyterian Hosp. in City of N.Y., Etc., supra,* at 1165.

Clearly the third-party claim here is not separate and independent. Both it and the main claim arise out of the same event or occurrence—the automobile accident between cars operated by William and Pierce, in which the plaintiffs were injured—and a predicate to a finding of liability against the third-party defendants is an initial finding of liability against the defendant. The disassociation required under *American Fire & Cas. Co. v. Finn, supra,* is not here present and, therefore, the entire action must be remanded to the state court.

Accordingly, it is hereby ORDERED that this entire action is remanded to the Supreme Court of New York, Chautauqua County.