Vincent F. ZARRILLI, Plaintiff,

v.

Frederick SALVUCCI, et al.,
Defendants.

Civ. A. No. 89–1565–Mc.

United States District Court,
D. Massachusetts.

Jan. 26, 1990.

Vincent F. Zarrilli, Boston, Mass., pro se.

Frank Libbey, Asst. U.S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

McNAUGHT, District Judge.

Plaintiff Vincent F. Zarrilli is the creator of the "Boston Bypass", otherwise known as the "B.B.". The Boston Bypass is Mr. Zarrilli's alternative to the current plan for the depression of the Central Artery.

This case originally was filed in Suffolk Superior Court. The long list of defendants included Governor Michael Dukakis, Mayor Raymond Flynn, various state agencies and officials, and the Federal Highway Administrator (FHA) and its division administrator, James Walsh. The federal defendants removed the action to this Court on July 19, 1989.

Prior to removal, Mr. Zarrilli filed a motion to add defendants which was granted in the Superior Court on June 29, 1989. From the pleadings, it does not appear that any of the added defendants were served. As to at least four of those parties, Mr. Zarrilli has filed a motion in this Court asking for leave to enlarge the time to serve them. Those parties are: 1) the United States Navy; 2) the United States Coast Guard; 3) the United States Corps of Army Engineers; and 4) the Federal Aviation and Aeronautics Commission.

A fifth party mentioned in plaintiff's June 29, 1989 motion is the "HFMA Management Group". There is some confusion about this last party. In plaintiff's amended complaint, a named defendant is the "HFMW a.k.a. McGuire Group, Inc.". Perhaps the "HFMA Management Group"

and the "HFMW" are one and the same. It is impossible to discern from the papers.

■ With regard to the Navy, Coast Guard, Corps of Army Engineers and the Federal Aviation and Aeronautics Commission, as well as the HFMA Management Group, plaintiff's motion is denied. Plaintiff had ample time to serve the parties. He did not do so within the prescribed time period and no further extension is permitted. The action is automatically dismissed as to those parties. See Rule 4(j) of the Federal Rules of Civil Procedure and the Massachusetts Rules of Civil Procedure.

■ As to the existing defendants, their motions to dismiss are granted. The federal defendants include the Federal Highway Administrator and its division administrator, James Walsh. The United States Environmental Protection Agency and its former regional administrator, Michael Deland, were also named as defendants in plaintiff's June 29, 1989 motion but it is unclear whether they were ever served with notice. In any event, this Court does not have subject matter jurisdiction over any claims against the United States or its agencies or officials where sovereign immunity has not been waived in the state court. The law is clear that if the state court did not have jurisdiction over the subject matter or parties, the federal court does not acquire such jurisdiction upon removal. *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). See also *Armor Elevator Co., Inc. v. Phoenix Urban Corp.,* 493 F.Supp. 876, 881–882 (D.Mass.1980), *aff'd,* 655 F.2d 19 (1st Cir.1981). Here, the United States did not waive, either expressly or impliedly, sovereign immunity. The state court, therefore, did not have subject matter jurisdiction over the federal claims or defendants, and this Court did not acquire jurisdiction upon removal. Accordingly, the motion to dismiss all federal defendants is granted.

The state defendants have also filed a motion to dismiss. Those defendants include: Frederick Salvucci, Michael Dukakis, Mario Tocci, Matthew Coogan, Douglas Husid, James Hoyte, Jane Garvey, Ilyas Bhatti, John DeVillars, the Massachusetts Department of Public Works, the Metropolitan District Commission, the Executive Office of Transportation and Construction, and the Executive Office of Environmental Affairs (identified in the amended complaint as the Department of Environmental Affairs).

■ The state defendants are correct in asserting that the suit is barred by the Eleventh Amendment as against them. See *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). The fact that some of the defendants are state officials is not relevant. If the remedy would involve the expenditure of state funds, the state is considered the "real, substantial party in interest". See *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), quoting *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). Although plaintiff here is not asking specifically for money damages, any remedy would realistically involve the expenditure of state funds. Therefore, the state is considered the real party in interest and the Eleventh Amendment applies. The motion to dismiss all state defendants is granted.

■ Paul Levy, individually and in his capacity as the Executive Director of the Massachusetts Water Resources Authority (MWRA) has also filed a motion to dismiss. The motion is granted where that agency has no statutory responsibility for the depression of the Central Artery. See 1984 Massachusetts Acts, c. 372, §§ 1 and 7.

■ Plaintiff has also filed a motion for issuance of defaults against eleven parties. Two of those parties are Mr. Levy and the MWRA. In their objection, Mr. Levy and the MWRA assert that they were not named as defendants. That is not technically correct since plaintiff's June 29, 1989 motion to add defendants did name the MWRA and Mr. Levy. There is no return of service, however, and therefore, this Court presumes that Mr. Levy and the MWRA were not served before or after

removal to this Court. Dismissal of those parties is appropriate for this reason as well under Rule 4(j) of the Federal Rules of Civil Procedure or the Massachusetts Rules of Civil Procedure.

Dismissal is also appropriate for the Boston Redevelopment Authority and its director, Stephen Coyle, two other parties against whom plaintiff requests an issuance of a default. Although they, too, were named in plaintiff's motion to add defendants, there is no return of service. Dismissal is granted.

The remaining seven parties against whom plaintiff requests a default are: the United States Environmental Protection Agency and its former regional administrator, Michael Deland; Mayor Raymond Flynn, Richard Dimino, Commissioner of the Boston Transportation Department, Cynthia Anger, hearing citizen for the Boston Transportation Department, and the Massport Authority and its director, David Davis. Plaintiff's motion is denied as to all parties. The City of Boston's motion to dismiss was granted by the Superior Court on April 25, 1989. That motion was filed on behalf of Mayor Raymond Flynn, the Boston Transportation Department and its commissioner Richard Dimino, and Cynthia Anger, hearing citizen for the Boston Transportation Department. They are no longer parties to this action. As for Massport Authority or David Davis, there is no return of service. Dismissal is therefore warranted, not a default. Accordingly, plaintiff's motion for issuance of defaults is denied.

Finally, plaintiff has filed yet another motion, this one to shorten the time for defendant Boston Transportation Department to answer interrogatories. That motion is denied. The April 25, 1989, dismissal of the City of Boston encompassed the Boston Transportation Department.

Accordingly, the motion to dismiss the federal defendants is granted. The motion to dismiss the state defendants is granted. The motion to dismiss Paul Levy and the Massachusetts Water Resources Authority is granted. Plaintiff's motion for issuance of defaults is denied. Plaintiff's motion to

shorten the time for Boston Transportation Department to answer interrogatories is denied. Plaintiff's motion to enlarge the time to serve defendants is denied.

SO ORDERED.