The CONJUGAL PARTNERSHIP COMPRISED BY Joseph JONES and Verneta G. Jones h/n/c Stenograph Systems, Plaintiffs,

v.

The CONJUGAL PARTNERSHIP COMPRISED OF Arthur PINEDA and Toni Pineda, Defendants.

Civ. No. 90–1051 (JP).

United States District Court,
D. Puerto Rico.

March 26, 1990.

Ismael E. Marrero, Hato Rey, P.R., for plaintiffs.

J. Ramón Rivera Morales, Jiménez, Graffam & Lausell, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Before the Court is defendants' petition for removal and plaintiff's request for a remand. Defendants allege that this action is removable, because it is one which arises under the laws and regulations of the United States as well as those which govern the relationship between the United States' Courts and Court officers. Plaintiffs contend that this action is not removable because it only involves a breach of contract under Puerto Rico law.

## I. BACKGROUND

On January 10, 1990, defendants filed their petition for removal. As it appears from the record, this case was commenced on November 27, 1989, and the defendants were served with process on December 16, 1989. Therefore, defendants petition for removal was timely. *See* 28 U.S.C. § 1446(b).

Plaintiffs commenced this action for breach of contract against defendant Arthur Pineda, a stenographer (court reporter) for the United States District Court for the District of Puerto Rico. As stated in the complaint, Arthur Pineda is ascribed to the courtroom of the Hon. Judge Raymond L. Acosta, and Toni Pineda assists her husband in the transcribing of Arthur's sten-

ography to form the record of the court proceedings in the well known *Dupont Plaza Hotel* case. *See* Complaint at ¶ 3. Plaintiffs allege that while Joseph Jones was working as a stenographer, assigned to the Hon. Judge José A. Fusté, Pineda learned that Jones was about to resign and persuaded him to form a employment contractual relationship between them to transcribe the court proceedings in the *Dupont* case. Jones' wife assisted Toni Pineda in the transcribing of the record.

Plaintiffs further allege that in order to form this working relationship, the defendant sought and acquired the Court's permission so that Joseph Jones could work as an assistant stenographer of record in the *Dupont* case. *See* Complaint at ¶ 13. Plaintiffs also contend that on June 30, 1989, co-defendant Pineda notified Jones that he could not continue to work as a stenographer, as a result of Hon. Judge Raymond Acosta's instructions. *See* Complaint at ¶ 24. Plaintiffs maintain that defendants breached their contractual agreement, and as a result have suffered loss of earnings from being unable to transcribe the remaining two phases of the *Dupont* trial.

## II. FEDERAL JURISDICTION & RE- MOVAL

Defendants, in seeking removal, did not rely on 28 U.S.C. § 1442 which permits removal of an action against "any officer of the courts of the United States, for any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3). This statute explicitly provides the basis for defendants' removal.

It is undisputed that Arthur Pineda as a Court Reporter is an officer of the courts of the United States. The question here is whether the factual circumstances of the alleged breach of contract originate from an "act under color of office or in the performance of his duties."

In *Gay v. Ruff*, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099 (1934), the Supreme Court ruled on the propriety of removal to federal court by a federal court appointed receiver

under 28 U.S.C. § 1442(a). The Court held that removal is proper when a plaintiff challenges the receiver's negligence in its execution of the Court's orders or judgments, but not when the receiver is negligent in performing duties not entrusted to him by the courts. *Id.* at 35 and 39, 54 S.Ct. at 613 and 615.

Section 1442(a)(3) was added to Judicial Code § 33 by Act of August 23, 1916. The purpose for this amendment was to expand Section 33's provisions uniformly to the " 'officers of the courts of the United States, not only in cases arising under the revenue laws, but in all cases giving to them the same protection in all cases now given to the officers acting under the revenue laws, and to the officers of Congress.' " *Gay v. Ruff,* 292 U.S. at 38, 54 S.Ct. at 614. The Supreme Court has recognized that there was no expression in the 1916 Act, or in the events which led to its passage, of "an intention to repeal any existing law or to depart from the long-existing policy of restricting the federal jurisdiction." 292 U.S. at 37, 54 S.Ct. at 614.

In the present case, plaintiffs in essence, have alleged that defendant Pineda, in the exercise of his duties as a court officer and under color of office, has breached the employment contract between them. Plaintiffs are challenging that the defendant, as a court reporter, took advantage of his position, to terminate the contractual relationship relating to the transcribing of the record in the *Dupont* case. The issues and defenses to be tried in this case would involve an investigation of the duties and obligations of the court reporter as ordered by the federal court. The acts of the court reporter in issue are directly under color of office or in the performance of court imposed duties. Therefore, because an investigation of the court reporter's acts directly involves an examination of the federal court's orders, there is a powerful federal interest in granting access to the federal court. *Ely Valley Mines v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310, 1313 (9th Cir.1981). The general policy underlying the federal removal statutes is to allow removal when there is a federal interest in authorizing access to a federal forum. *Id.*

We also believe that the required causal relationship between the charged conduct and the court reporter's official authority exists. *See Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

Plaintiffs contend that removal in this case is improper, because federal jurisdiction does not appear from the "well-pleaded complaint." Furthermore, that under the "well-pleaded complaint" rule a defense that raises federal question is insufficient to confer federal jurisdiction. *See Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). However, under 28 U.S.C. § 1442(a), the Supreme Court has held that "[t]he removal statute itself merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged." *Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 968, 103 L.Ed.2d 99, 114 (1989); *Gay v. Ruff,* 292 U.S. at 34, 54 S.Ct. at 612.

Consistent with the requirement "that the federal officer predicate removal on the averment of a federal defense," we find that the defendants have averred a federal defense. *Id.* Specifically, defendants averred that plaintiff Joseph Jones' services, "as a court reporter providing services for the United States District Court for the District of Puerto Rico, served at the pleasure of the Court and as such could be dismissed for cause." *Defendants' Answer,* Affirmative Defense E. As such, this defense involves an examination of the federal court's orders, therefore access of this case to federal court is warranted. Therefore, we find that in the instant case removal is proper.

In view of the foregoing, Defendants' Petition for Removal is hereby GRANTED and Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.