**FLEET BANK—NH**

v.

**Susan ENGELEITER, Administrator of the United States Small Business Administration, et al.**

**No. C–90–453–L.**

United States District Court,
D. New Hampshire.

Jan. 8, 1991.

Sullivan and Gregg by James M. McNamee, Jr., Nashua, N.H., for Fleet Bank—NH.

Small Business Admin. by Pilar Pinili Silva, Concord, N.H., Small Business Admin. by Gary Fox, Sp. Asst. U.S. Atty., Office of General Counsel, Washington, D.C., for Susan Engeleiter.

Melendy & McCarron by Fay E. Melendy, North Conway, N.H., for Bette Nockles, Cynthia Feltch and Bellafido, Inc.

## ORDER

LOUGHLIN, Senior District Judge.

This civil action commenced in the Carroll County Superior Court and was removed to this court by Defendant Engeleiter pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446. Before the court is the Motion to Remand filed by defendant Nockles, Feltch, and Bellafido, Inc. and Objections to the Motion to Remand filed by both Fleet Bank—New Hampshire and Engeleiter.

A brief statement of prior proceedings follows. On May 21, 1990, Nockles, Feltch and Bellafido, Inc. ("NBF") filed a Bill in Equity against Fleet Bank—New Hampshire ("Fleet") in the Carroll County Superior Court (Civil Action No. 90–E–061), alleging unfair and deceptive business practices, fraudulent misrepresentation, negligent misrepresentation, breach of contract and breach of fiduciary duty. In response, Fleet filed an Answer and Counterclaim, claiming that it was at all relevant times acting as an agent of the United States Small Business Administration ("SBA"). In September of 1990, Fleet filed a Petition for Declaratory Judgment against NBF and Susan Engeleiter in her capacity as Administrator of the SBA in Carroll County Superior Court (Civil Action No. 90–E–112). These actions were subsequently consolidated pursuant to Superior Court Rule 27 and removed to this court on motion of defendant Engeleiter pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446.

Under 28 U.S.C. § 1447(c), a case removed from state court must be remanded "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction...." In its Motion to Remand, NBF contends that removal under 28 U.S.C. § 1441(c) is improper because there is no "separate and independent claim or cause of action which would be removable if sued upon alone" in state court and that removal under 28 U.S.C. § 1442(a)(1) is improper because the civil action brought against Ms. Engeleiter is not for any "act" under color of her office. The court agrees that removal is not available to defendant Engeleiter under either section 1441 or section 1442, but for reasons not cited by NBF.

### REMOVAL UNDER § 1441

■ The general removal statute, 28 U.S.C. § 1441, provides in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

. . . .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Ms. Engeleiter carries the burden of establishing federal jurisdiction under the removal statute. *See* 28 U.S.C. § 1446. In considering the propriety of removal, the court is bound to confine its jurisdiction to that conferred by the terms of the statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The fact that the plaintiff does not object to removal does not affect the court's analysis. *See Soper v. Kahn*, 568 F.Supp. 398 (D.Md.1983) (citing *Thompson v. Gillen*, 491 F.Supp. 24, 26 (E.D.Va.1980)).

The United States District Court for the District of Kansas has outlined three principles which guide the courts in determining whether or not removal is proper under § 1441(c): (1) § 1441(c) was intended to restrict the right to removal; (2) § 1441(c) is a jurisdictional statute which must be interpreted and applied in accordance with federal law; and (3) "removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand." *Elkhart Co-op. Equity Exchange v. Day*, 716 F.Supp. 1384, 1386 (D.Kan.1989) (citing *Alfalfa Cubes, Inc. v. Dutton*, 618 F.Supp. 1425, 1427 (D.Kan.1985)).

Courts are sharply divided on the issue as to whether a third-party defendant may remove under § 1441. *See Elkhart Co-op. Equity Exchange*, 716 F.Supp. at 1386; *Rozumalski v. Pierce*, 707 F.Supp. 652, 654 (W.D.N.Y.1989); *Ford Motor Credit Co. v. Aaron–Lincoln Mercury*, 563 F.Supp. 1108, 1110 n. 5–8 (N.D.Ill.1983). The United States Court of Appeals for the First

Circuit has not addressed the question. *See Elkhart Co-op. Equity Exchange,* 716 F.Supp. at 1386 (only fifth and seventh circuits have addressed issue and reached opposite conclusions). The prevailing view among those courts that have addressed the issue, however, is that a third-party defendant is not authorized to remove under § 1441. *F.H. Prince & Co. v. Towers Financial Corp.,* No. 90–C–0951, slip op. at 2, 1990 WL 129494 (N.D.Ill. Aug. 31, 1990); *Rozumalski,* 707 F.Supp. at 654; *Soper,* 568 F.Supp. at 400, 401 n. 11 (majority view that third-party removal under § 1441(a) and § 1441(c) treated in the same manner). The leading commentators on federal practice and jurisdiction agree that third-party defendants have no right to removal under § 1441(c). 1A Moore & Ringle, Moore's Federal Practice, § 0.167[10], pp. 507–15 (2d ed.1987); 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3724, pp. 388–91 (1985).

The only court within the first circuit which has addressed the issue held that a third-party defendant has no right to remove a case under § 1441(c). *Tuyagda Alum.Prod.Corp. v. Hull Dobbs 65th Inf. Ford, Inc.,* 313 F.Supp. 774, 775 (D.P.R. 1970). This court agrees with the position taken by the District of Puerto Rico and finds that the better-reasoned cases deny a third-party the right to removal under § 1441. First, Congress intended to narrow the right of removal when it deleted "either party or anyone or more of the plaintiffs" from those who were authorized to petition for removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 106–08, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941) (cited in *Elkhart Co-op. Equity Exchange,* 716 F.Supp. at 1387). The statute should therefore not be expanded to include third-party defendants, since they were not mentioned within the statute. *Thomas v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984). In addition, a third-party claim would not seem to be so unrelated to the main claim as to be considered a "separate and independent claim or cause of action" within the meaning of § 1441(c). *Id.*

This court thus finds that the Defendant Engeleiter has no right to removal under § 1441.

REMOVAL UNDER § 1442(a)(1)

In pertinent part, 28 U.S.C. § 1442(a)(1) provides:

A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ...

The district courts have original jurisdiction over cases in which the SBA is a plaintiff or a defendant pursuant to 15 U.S.C. § 634(b)(1). That section provides in relevant part:

In the performance of, and with respect to, the functions, powers, and duties vested in [the Administrator of the Small Business Administration] by this Act the Administrator may—

(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy....

15 U.S.C. § 634(b)(1).

Removal under section 1442(a) is not restricted by the same limitations as removal under § 1441. *See* 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3727, at 459 (1985). Congress enacted § 1441(c) to limit the right to removal, *Elkhart Co-op. Equity Exchange v. Day,* 716 F.Supp. 1384, 1387 (D.Kan. 1989), while § 1442(a)(1) was enacted to provide the protection of a federal forum for federal officers, *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). *See Bradford v. Harding,* 284 F.2d 307, 310–11 (2d Cir. 1960) (quoted in *Maine Ass'n of Interdependent Neighborhoods v. Petit,* 644

F.Supp. 81, 84 (D.Me.1986)) (removal under § 1442 rests on "far stronger considerations of policy" than removal under § 1441). Because of the strong policy considerations in favor of removal when the requirements of § 1442(a)(1) are otherwise met, courts have held that the fact that the federal officer is a third-party defendant will not defeat removal under that statute. *See, e.g., Smith v. City of Picayune,* 795 F.2d 482, 485 (5th Cir.1986); *Johnson v. Showers,* 747 F.2d 1228, 1229 (8th Cir. 1984); *Nat'l Center for Housing Management v. Milwaukee Housing Authority,* 668 F.Supp. 1230, 1231 (E.D.Wis.1987); *Goldfarb v. Muller,* 181 F.Supp. 41, 43 (D.N.J.1959). *Cf. F.H. Prince & Co. v. Towers Financial Corp.,* No. 90-C-0951, slip op. at 2 (E.D.Ill.Aug. 31, 1990) (and cases cited above) (removal not available under § 1441 to third-party defendants).

The underlying policy for granting a right of removal to federal officers was to protect them against interference in the course of their duties by hostile state courts. *See Willingham,* 395 U.S. at 405, 89 S.Ct. at 1815; *Colorado v. Symes,* 286 U.S. 510, 517–18, 52 S.Ct. 635, 637, 76 L.Ed. 1253 (1932); *Maryland v. Soper,* 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926). "This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Willingham,* 395 U.S. at 407, 89 S.Ct. at 1816. In 1989, the United States Supreme Court articulated two prerequisites to removal under § 1442(a)(1). *Mesa v. California,* 489 U.S. 121, 129, 132–34, 109 S.Ct. 959, 964, 966–67, 103 L.Ed.2d 99 (1989). The two conditions that must be met before a case can be removed under § 1442(a)(1) are: (1) that the case be against any officer, agency, or agent of the United States for any act under color of such office; and (2) that the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law. *Id.; Conjugal Part. by Jones v. Conjugal Part. of Pineda,* 734 F.Supp. 41, 43 (D.P.R.1990).

Defendant Engeleiter has satisfied the first prerequisite, since she is alleged to have acted in her official capacity in such a way as to create an agency relationship between Fleet and the SBA. The second prerequisite has not been met, however, since Engeleiter has failed to assert a federal defense.

The SBA's defense in this case is that Fleet did not act as SBA's agent in connection with loans made by Fleet to Bellafido, that it is bound by the Loan Guaranty Agreement executed by SBA and Fleet's predecessor to share only "reasonable expenses" not recoverable from the borrower, and that it acted in accordance with all applicable law in connection with the foreclosure sale of collateral relating to the SBA-guaranteed loans to Bellafido. (Answer of Defendant Engeleiter, at 6). Thus, the SBA's defense will not involve an examination of federal law, and Defendant Engeleiter cannot remove this case to federal court under § 1442(a)(1). *See Mesa,* 489 U.S. at 129, 132–34, 109 S.Ct. at 964, 966–67; *Conjugal Part. by Jones,* 734 F.Supp. at 43.

Because the defendant Engeleiter has failed to show that she has satisfied the requirements of § 1442(a)(1) as set forth in *Mesa v. California,* a case not cited by any of the parties, this action may not be removed under that section.

## CONCLUSION

Because of her status as a third-party defendant, Ms. Engeleiter has no right to remove under 28 U.S.C. § 1441. She likewise has no right to remove under 28 U.S.C. § 1442(a)(1), since she has not alleged a federal defense to the claims against her. Therefore, in accordance with 28 U.S.C. § 1447(c), this court remands this action to the court from which it was improvidently removed.

So ordered.