Eddie COREN, Jr., by his mother and next friend, Cheryle JEFFERSON, and Cheryle Jefferson and Eddie Coren, Jr., individually, Plaintiffs,

v.

George CARDOZA, Defendant and Third–Party Plaintiff,

v.

SHERWIN–WILLIAMS COMPANY, NL Industries, Inc., Eagle–Picher Industries, Inc., Atlantic Richfield Company, SCM Corporation, and the Lead Industries Association, Third–Party Defendants.

Civ. A. No. 90–12855–T.

United States District Court, D. Massachusetts.

Oct. 21, 1991.

Benjamin Hiller, Pressman, Hiller & Kruskal, Karen L. Kruskal, Pressman & Kruskal, Cambridge, Mass., for Cheryle Jefferson and Eddie Coren, Jr.

Cameron F. Kerry, Glovsky & Popeo, Boston, Mass., for George Cardoza.

Thomas J. Griffin, Jr., Goodwin, Proctor & Hoar, Boston, Mass., Paul M. Pohl, Charles H. Moellenberg, Jr., Jones, Day, Reavis & Pogue, Pittsburgh, Pa., for Sherwin–Williams Co.

John M. Walker, Donald E. Scott, Kirkland & Ellis, Washington, D.C., for NL Industries, Inc.

Lawrence Gerald Cetrulo, Burns & Levinson, Boston, Mass., for Eagle–Picher Industries, Inc.

Rory John FitzPatrick, Bingham, Dana & Gould, Boston, Mass., for Atlantic Richfield Co.

Thomas V. Urmy, Jr., Shapiro, Grace & Haber, Boston, Mass., Michael T. Nilan, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, Minn., for SCM Corp.

Mary Morrissey Sullivan, Sullivan, Sullivan & Pinta, Boston, Mass., for Lead Industries Ass'n.

## ORDER

TAURO, District Judge.

This court hereby ACCEPTS the Report and Recommendation of the Magistrate Judge to dismiss Counts I through V of the Third Party Complaint for want of subject matter jurisdiction, and to remand the remainder of the claims removed to this court to the Housing Court.

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND

LAWRENCE P. COHEN, United States Magistrate Judge.

In this removed action,[1] plaintiff seeks remand of the matter to the Boston Housing Court. That motion to remand (# 04), in turn, was referred to this court for report and recommendation under Rule 3(a) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts.

---

1. The action was removed on petition of the third-party defendants.

## I. *Procedural History*

On June 7, 1990, plaintiffs, Eddie Coren, Jr., Cheryle Jefferson, and Eddie Coren, filed a complaint in the Boston Housing Court (Civil Action # 29101) against their landlord, defendant George Cardoza ("Cardoza").[2] By way of that complaint, plaintiffs sought damages arising out of the lead poisoning of Eddie Coren, Jr. Plaintiffs allege 1) violations of the Massachusetts' Lead Paint Act, M.G.L. c. 111 § 190 et seq.; 2) interference with the quiet enjoyment of their apartment, M.G.L. c. 186 § 14; 3) violations of unfair business practices, M.G.L. c. 93A; and 4) failure of defendant to make a reasonable offer of settlement.

Defendant Cardoza, on October 23, 1990, filed a third-party complaint against the lead paint industry's trade association, and five manufacturers of the lead pigment utilized in making lead-based paint.[3] In addition to seeking contribution and common law indemnity, Cardoza's third party complaint brings direct claims against the third-party defendants for damage to his property.[4]

Plaintiffs petitioned the Boston Housing Court to dismiss the third-party claims or alternatively to sever those claims from plaintiffs' complaint against Cardoza. Cardoza petitioned the Boston Housing Court to transfer the case, in its entirety, to the Superior Court of Massachusetts. Before the Boston Housing Court took any action on either of these motions, the third-party defendants—alleging diversity jurisdiction—removed the case, in its entirety, to this court pursuant to 28 U.S.C. §§ 1441(a) and 1441(c).

Plaintiff now seeks remand of the case to the state courts.[5]

## II. *The Applicable Law*

### A. Removal By Third Party Defendants

■ The United States Court of Appeals for the First Circuit has not addressed the issue as to whether a *third-party* defendant may remove a case under §§ 1441(a) and 1441(c) when the original action is not removable.

Section 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. (Emphasis added).

Section 1441(c) provided[6] in pertinent part:

---

**2.** Eddie Coren, Jr., is the minor son, of Cheryle Jefferson and Eddie Coren.

**3.** The five manufacturers are 1) Sherwin–Williams Company, an Ohio Corporation doing business in Massachusetts; 2) NL Industries, Inc., a New Jersey corporation doing business in Massachusetts; 3) Eagle Picher Industries, Inc., an Ohio corporation doing business in Massachusetts 4) Atlantic Richfield Company, a California corporation doing business in Massachusetts; and 5) ACM Corporation, a New York corporation doing business in Massachusetts.

**4.** There is a serious question as to whether or not the Third Party Complaint was properly before the housing court—not to mention this court.

Defendant Cardoza filed his original answer on October 2, 1991. Under Rule 14(a), Mass. R.Civ.P., he was permitted to file a third party complaint without leave of court if the third party complaint was filed not later than twenty (20) days after filing the original answer.

The Third Party Complaint was not filed until October 23, 1991, more than twenty (20) days after filing his original answer. Perhaps because of this, he filed a Motion for Leave to File a Third Party Complaint (Pleading # 17 in the Housing Court) on or about November 15, 1991. No action was taken on that motion prior to removal of the case to this court.

**5.** Plaintiff is joined in this motion by the original defendant. Third-party defendants oppose the motion to remand.

**6.** Section 1441(c) was recently amended, and that amendment became effective on December 1, 1990 by the provisions of the Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 312, 104 Stat. 5089, 5114 (1990). Prior to the amendment, separate and independent claims could be removed in federal question cases and diversity cases. The amendment eliminated the separate and independent claims removal procedure in diversity cases, leaving that only to federal question cases.

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

In the circumstances, this court finds and concludes that the above-entitled case was improvidently removed to this court by reason of the fact that the removal was initiated by the *third-party* defendants—not the original direct defendant.

Although there is some authority for the position that—given diversity between a defendant and third party defendant—the third party defendant may remove the action to a federal court under §§ 1441(a) and 1441(c), *e.g., Industrial Lithographic Company v. Mendelsohn,* 119 F.Supp. 284 (D.N.J.1954),[7] this court finds and concludes that the better view—the view endorsed by Professor Wright—is that, when removal is predicated on diversity, only direct defendants, not third party defendant, may petition for removal.[8]

In concluding that Sections 1441(a) and 1441(c), as a matter of statutory construction, do not authorize removal in diversity cases by *third party defendants,* Professor Moore has observed, *inter alia (Id.* at 511–14)—

Without gainsaying the force and merit underlying the above reasoning,[9] we adhere to our position previously stated that the removal statute limits removal, on the basis of a separate and independent claim, to a situation where there is a joinder of claims by the *plaintiff,* and *does not authorize removal by a third party defendant.* And this position has sound judicial support. It does not, we believe, violate the Court's position in the *Shamrock Oil* [10] case that the removal statute should be uniform in its application, since we urge a uniform rule limiting removal to a defendant in the case of joinder of claims by plaintiff; and this construction comports with strict construction of the removal statute given by the Court in *Shamrock.* Section 1441(c) means that the plaintiff cannot preclude the right to remove a removal claim through the device of joining a wholly separate and independent nonremovable claim. We do not, however, believe that § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog. . . .

\*     \*     \*     \*     \*     \*

To summarize the judicial attitude towards third-party claims and removal:

1. Courts agree that a third party claim cannot afford a basis for removal unless the "separate and independent claim or cause of action" of § 1441(c) applies.

2. Some courts permit removal under § 1441(c), by a third-party defendant, of a separate and independent third-party claim which could be removed if sued on it alone. The district court may, however, exercise its discretion and remand

This case was removed prior to the amendment. This court accordingly assumes—without deciding—that the prior § 1441(c) is applicable to this case.

7. *Industrial Lithographic,* and the rationale of that holding, is discussed in 1A Moore's Federal Practice ¶ 0.167[10], pp. 510–11. Other cases following what Professor Moore deems to be the minority view are also collected at 1A Moore's Federal Practice ¶ 0.167[10], pp. 510–11, n. 17.

8. In addition to Professor Wright, this view has gained considerable support. *Id.* at p. 512, n. 22, and cases collected therein. Two courts in

the First Circuit have aligned themselves with this view. *See Fleet Bank–NH v. Engeleiter,* 753 F.Supp. 417 (D.N.H.1991); *Tuyagda Alum. Prod. Corp. v. Hull Dobbs 65th Inf. Ford, Inc.,* 313 F.Supp. 774 (D.P.R.1970).

Other cases are collected in *Ford Motor Credit Co. v. Aaron–Lincoln Mercury,* 563 F.Supp. 1108, 1110 n. 6 (N.D.Ill.1983).

9. The reasoning of Judge Meaney in *Industrial Lithographic, supra.*

10. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

all matters not otherwise within its original jurisdiction.

3. Other courts do not permit removal on the basis of a third-party claim, although it would have been removable by the defending party if the claim had been sued upon it alone. These courts limit removal under § 1441(c) to a party defending against claims which have been joined by the plaintiff.

To us the last view is the sound one. The purely statutory right of removal is a limited right that is not to be expanded by judicial construction. *If the original defendants have no right to remove the plaintiff's suit, or if the original defendants have chosen not to exercise their right to removal, why should an ancillary defendant to an ancillary claim be construed, absent an express statutory declaration, to have the right to remove and defeat the main parties' choice of the state forum?* We believe that the joinder of claims under § 1441(c) is limited to the plaintiff's claims, and for the reasons expressed concerning counter-claim and cross-claim defendants, we believe that a third-party defendant is not a defendant within the meaning of § 1441(c). (Emphasis added; footnotes omitted).

In this court's view, Professor Moore's view, and those cases which are in line with that view, *see* footnote 8, *supra*, set forth the more persuasive view. That view comports with the strict construction of the removal statute,[11] and effectuates the plaintiff and direct defendant's choice of the state court forum. This court accordingly recommends that all claims—save Counts I through V of the third-party complaint,[12] be remanded to the Boston Housing Court.

**B. Section 1441(c) and Counts VI and VII of the Third Party Complaint**

■ Even assuming that, as a matter of statutory construction, a third-party defendant is a *defendant* within the meaning of Sections 1441(a) and 1441(c), this court finds and concludes that Counts VI and VII were improvidently removed to this court.

Count VI is a claim for contribution, and Count VII is a claim for common law indemnity. In both, the original defendant claims that the third party defendants are liable to him to the extent that it is found that he is liable to the plaintiffs.

In this court's view, the better view is that advanced in *Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir.1984).[13] In that case, the court re-emphasized that not only must the claim be *separate*,[14] but *independent* as well. And that, of course, keys on the meaning of the term, "independent." As observed by the court in *Ford Motor Credit Co. v. Aaron–Lincoln Mercury*, *supra*, at 1111—

> The Supreme Court has construed § 1441(c)'s requirement of a separate and independent claim as necessitating a claim not based on the same wrongful conduct as that which gave rise to the non-removable claims. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6,

---

**11.** Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as *defendants* is a citizen of the State in which such action is brought.

> If—as seemingly suggested by the third party defendants—Congress, in using the word "defendant", meant third party defendants as well as direct defendants, Section 1441(b) precludes removal, since Cardoza, the direct defendant, is a citizen of Massachusetts.

**12.** As to Counts I through V of the third-party complaint, this court recommends dismissal for the reasons stated in Part II.C, *infra*, pp. 11–14.

**13.** Although *Thomas* arose within the context of a claim brought under the Federal Tort Claims Act, the court's discussion of the "separate and independent" claims aspect of § 1441(c) involves the same analysis as would be required with respect to claims removed on the basis of diversity.

**14.** For purposes stated herein, this court assumes that the action brought by Cardoza against the third party defendants is *separate* in the sense that it is separate from the action brought by plaintiffs against Cardoza.

11–16 [71 S.Ct. 534, 538–541, 95 L.Ed. 702] (1951). Where recovery in the allegedly removable claim is *dependent* on the result in the non-removable claim, the claims are not "separate and independent" within the meaning of § 1441(c). (Emphasis added; footnotes omitted).

And here, it is clear, Counts VI and VII *are* dependent on the claims brought by plaintiffs against defendant Cardoza. That is to say, unless, and until, plaintiffs recover against defendant Cardoza, no right of action, at least under Counts VI and VII of the third party complaint, accrues against the third party defendants. Those claims are clearly *dependent* on the action brought by plaintiffs against defendant Cardoza.

To be sure, third party defendants say that there is contrary authority—particularly *Carl Heck Engineers v. Lafourche Parish Police*, 622 F.2d 133 (5th Cir.1980). But, in this court's view, third party defendants read too much from too little. And for one reason: Among the claims brought by the defendant against the third party defendant was a *contractual* indemnity claim—not a *common law* indemnity claim.[15]

In concluding that the claim was separate and independent, the *Carl Heck Engineers* court observed, among other things—

Here, the claim for indemnity by LaFourche against Maryland presents a *real controversy*, not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered.

This case—that is, the case between defendant and the third party defendants under Counts VI and VII of the third party complaint—by contrast, does *not* involve a *real* controversy, one that may have been brought under the original jurisdiction of the federal courts.

Basic to removal of any claim, of course, is that the removed claim is one which could have been brought originally within the jurisdiction of the federal courts. Because of the "case or controversy" limitations on Article III courts, however, it is not enough that a controversy may arise. And it is this precise point which distinguishes the claim brought here from that brought in *Carl Heck Engineers, supra.*

In that case, there was *contractual* indemnification which required, among other things, that the surety *defend* against the claim brought by the plaintiff against the original defendant. There existed, then and there when the third party complaint was filed, a real live controversy—*i.e.,* the question of the duty of the surety to defend. In later decisions of the Fifth Circuit, *Carl Heck Engineers* was limited to *contractual* indemnification. Thus, in *In Re Wilson Industries, Inc.*, 886 F.2d 93, 96 (5th Cir.1989), a case also involving a common law indemnity claim, the Court observed—

We nevertheless decline to issue the writ [of mandamus] because we conclude that Union Oil's tort indemnity claim was not "separate and independent" from the main personal injury case. Thus, to grant a writ of mandamus, where the district court's decision can be upheld for reasons he did not articulate, would be capricious and not in accord with the narrow focus of the writ. The present case can be distinguished from *Carl Heck Engineers.* In *Carl Heck Engineers,* a typical construction contract case, the source of the third-party defendant's liability was *an indemnity provision in a contract* with the third-party plaintiff. The claim alleged in the third-party complaint arose from this separate and independent contractual obligation. The same is true of the cases relied on by *Carl Heck Engineers. E.g., Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.,* 279 F.Supp. 803 (D.Mont.

---

**15.** The third party claim was brought against a surety company—the issuer of a construction performance bond. Not only did the bond include a save harmless provision, but it also required the surety company to defend on its [defendant's] behalf on any claim brought against the defendant under the terms of the construction contract.

1968); *Rafferty v. Frock*, 135 F.Supp. 292 (D.Md.1955).

In contrast, the liability of Wilson Industries is not premised on a separate and independent obligation, but on an allegation that Wilson's negligence rather than Union Oil's conduct was the true cause of plaintiff's injuries. In such cases, courts have consistently held that there is no separate and independent claim under § 1441(c). *E.g., Soper v. Kahn*, 568 F.Supp. 398 (D.Md.1983); *Murjani v. Allstate Insurance Co.*, 679 F.Supp. 601 (M.D.La.1988); *see also American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (where there is but a single wrong to the plaintiff for which recovery is sought, there is no separate and independent claim).

The holding in *In Re Wilson Industries, Inc., supra,* and the cases cited therein, is consistent with prudential Article III limitations, to wit, the requirement of a real case or controversy. That was precisely one basis for the holding in *Cunningham Brothers, Inc. v. Bail,* 407 F.2d 1165 (7th Cir.), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969), where the Court observed, in affirming a dismissal of a declaratory judgment action brought by a potential common law indemnitee (*Id.* at 1169)—

> However, in the normal indemnity situation, where, as here, no contractual duty to defend exists, no duty to do anything arises until the alleged indemnitee is adjudged liable. Thus, in the instant case, there is no immediate controversy between the parties since it is not certain that plaintiff will ever be compelled to pay any judgment for which Davidson could be held liable as indemnitor.

In the circumstances of this case, as in *In Re Wilson Industries, Inc., supra,* and *Cunningham Brothers, Inc., supra,* it cannot be said with any degree of certainty that plaintiffs will ever recover judgment against defendant Cardoza. Although separate, the claims [Counts VI and VII] brought by Cardoza against the third-party defendants, are clearly dependent, not *independent,* of the claims brought by plaintiffs against defendant Cardoza. As such, those claims are not removable under Sections 1441(a) and 1441(c).

**B. Sections 1441(a) and (c) and Counts I through V of the Third Party Complaint**

■ Counts I through V of the Third Party Complaint are separate and independent in the sense that defendant Cardoza seeks judgment against the third party defendants wholly apart from the claim brought by plaintiffs against Cardoza.[16] Nevertheless, those claims were improvidently removed to this court.

Under settled principles, a removal court obtains no more, from a jurisdictional point of view, than that previously retained by the state court from which the action was removed. As the Supreme Court stated in *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1938)—

> [J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the *subject matter* or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction. (Emphasis added).

It is clear beyond peradventure to this court that the Boston Housing Court, from which this case was removed, never had *subject matter* jurisdiction over the claims set forth in Counts I through V of the Third Party Complaint.

That precise issue was raised and decided in *LeBlanc v. Sherwin Williams Co.*, 406 Mass. 888, 551 N.E.2d 30 (1990). That case, like this one, was a lead paint case. In that case, the tenants brought an action against five manufacturers of lead-based paint and their trade association. In that case, as in the Third Party Complaint

---

**16.** The following claims are asserted:
  Count I—Negligent Product Design
  Count II—Negligent Failure to Warn
  Count III—Breach of Warranty
  Count IV—Conspiracy or Concert of Action
  Count V—Aiding and Abetting

[Counts I through V], plaintiffs sued for negligent product design, failure to warn, and breach of warranty. In concluding that the Boston Housing Court did not have subject matter over those claims, the Massachusetts Supreme Judicial Court observed (*Id.* 551 N.E.2d at 32)—

> G.L. c. 185C § 3 does not confer jurisdiction on the Housing Court to adjudicate this product liability action. Adopting the broad interpretation put forth by the plaintiff would contravene the legislative intent to grant only limited jurisdiction to the Housing Court.

■ Under the holding in *LeBlanc*, it is clear that the Housing Court did not have subject matter jurisdiction over the claims

brought under Counts I through V of the Third Party Complaint. That being the case, despite the fact that the original defendant might have brought those claims initially in this court, had he chosen to do so, those claims must be dismissed for want of subject matter jurisdiction.[17] *See Armor Elevator Co., Inc. v. Phoenix Urban Corp.,* 493 F.Supp. 876, 882 (D.Mass. 1980), *aff'd* 655 F.2d 19 (1st Cir.1981); *Zarrilli v. Salvucci,* 730 F.Supp. 461, 462 (D.Mass.1990).[18]

## III. *Recommendation*

For the reasons set forth in Part II.C above, this court recommends[19] that the

---

**17.** As a practical matter, since the Housing Court did not have subject matter jurisdiction over Counts I through V of the Third Party Complaint, it would be futile to remand those claims to that court.

To be sure, the Massachusetts Supreme Judicial Court, in *LeBlanc, supra,* 551 N.E.2d at 30 n. 10, suggested that, in cases where the Housing Court did not have subject matter jurisdiction of the claims, it would be appropriate for the judge of that court to "... consider avoiding a waste of judicial resources by asking the Chief Administrative Judge or the Trial Court to transfer the case, or the judge, or both, to the appropriate department of the trial court."

But that suggestion, and the authority cited, was made in the context of cases where the Housing Court lacked subject matter of the entire suit.

Here, by contrast, it is clear that the Housing Court had jurisdiction over those claims asserted by plaintiffs, the tenants, against defendant Cardoza, the landlord. Under Mass.Gen.Laws, Ch. 185C, § 20, "... no civil action originally entered in the housing court department *shall* be transferred to any other department...." . (Emphasis added). Thus, the Chief Administrative Judge was without power to transfer the case to the Superior Court. *Mastriani v. Building Inspector of Monson,* 19 Mass.App. 989, 475 N.E.2d 408, 410 and n. 4 (1985).

In short, despite the fact that defendant Cardoza was aware that the Housing Court did not have subject matter jurisdiction over the claims asserted in the Third Party Complaint—as evidenced by defendant Cardoza's reference to the *LeBlanc* decision filed in his Motion to Seek Transfer to Superior Court (# 4 in the state pleadings) filed at the same time he filed his motion for leave to file a third party complaint—he nevertheless chose to file those claims in a court in which he was aware lacked subject matter jurisdiction. Dismissal for want of subject matter jurisdiction is accordingly warranted in these circumstances, leaving de-

fendant Cardoza to refile an action in the appropriate state court.

**18.** "If the state court lacks jurisdiction, however, then, at least in the absence of an independent jurisdictional grant apart from the removal statute, the district court lacks subject matter jurisdiction. See 1A (Part 1) Moore, *id.,* at 323–324 ('[where] the state court lacks jurisdiction, however, the federal court should dismiss the action as to the federal officer; and where there are other defendants, may remand the suit involving them')."

In 1986, Congress added subsection (e) to Section 1441. That section provides—

> The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that suit.

While, at first blush, that language may seem to suggest a federal court may hear and determine an action improvidently removed under diversity principles, despite the lack of subject matter jurisdiction, it is clear that that is not the case.

Subsection (e) was added for the purpose of permitting federal courts, on removal based on a federal question, from hearing and determining the cause, notwithstanding the fact that the state court lacked subject matter jurisdiction of the claim because that claim was one which is within the *exclusive* jurisdiction of the federal courts—*e.g.,* federal antitrust claims, etc.

The legislative history—and the limited scope of that amendment—is discussed in full detail by Professor Moore. 1A Moore's Federal Practice ¶ 0.153[3.—3], pp. 61–62.

**19.** The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any par-

district judge dismiss Counts I through V of the Third Party Complaint for want of subject matter jurisdiction,[20] and that the remainder of the claims removed to this court be remanded to the Housing Court.

ty who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1st Cir.1988); *United States v. Emiliano Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); see also, *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

**20.** Plaintiffs, while the case was still in the Housing Court, filed a motion to dismiss the third party complaint (# 13). It is not clear whether plaintiffs have standing to move to dismiss the third party complaint which was not directed against them.

In any event, the matter of subject matter jurisdiction is an appropriate matter for the court to raise *sua sponte.* Memoranda has been filed on the matter by all parties. This court accordingly does not rule on *plaintiffs'* motion as such, but nevertheless recommends that Counts I through V of the Third Party Complaint be dismissed for want of subject matter jurisdiction.

In view of the rulings herein, there is no occasion for this court to rule on other motions, to wit: Plaintiffs' Motion to Sever Third Party Claims (# 14), the Motion of Third Party Defendants to Strike Third Party Complaint (# 26), or the motion of the third party defendants to Dismiss or for a More Definite Statement (# 27).

If the third party complaint, in any form, is refiled in the appropriate state court, those motions are best resolved in that forum.